2052.  JOHN HOLLAND GOLD PEN CO. *v.* WILLIAMS & CO.

1. Where a petition prays process against an individual and also against a partnership, and the process issues only as to the individual, and he alone is served, and there is no pleading, appearance, or waiver by the defendant, and judgment by default is taken against both the individual and the partnership, the judgment is void as to the latter.

2. Where an execution is issued against an individual and also against a partnership of which he is a member, and it appears that the judgment is valid as to the individual, but void as to the partnership, and the execution is levied upon the partnership property, an affidavit of illegality on behalf of the partnership will lie.

Affidavit of illegality; from city court of Waycross—Judge Myers.  July 8, 1909.

Submitted November 18,—Decided December 10, 1909.

*Simon W. Hitch,* for plaintiff.

*J. L. Sweat, Wilson, Bennett & Lambdin,* for defendants.

POWELL, J.  The John Holland Gold Pen Company brought suit in the city court of Waycross, alleging that "L. V. Williams, doing business under the name and style of Williams & Company, of said county," was indebted to them in a certain sum.  In another part of the petition it was alleged that said L. V. Williams and Williams & Company had not paid the debt.  The petition concluded with the prayer: "Wherefore petitioner prays that process may issue requiring the said L. V. Williams and Williams & Company to appear," etc.  The process stated the case as "The Holland Gold Pen Co. *v.* L. V. Williams, doing business under the name and style of Williams & Company."  In the body the process ran:  "The defendant L. V. Williams is hereby required, personally or by attorney, to be and appear," etc.  Service was made upon the defendant L. V. Williams personally.  The suit was undefended, and the court entered up judgment against "L. V. Williams and the firm of Williams & Co." for the sum sued for.  On this judgment execution was issued against "L. V. Williams and Williams & Co."  The sheriff levied this execution upon certain property of Williams & Company.  To this levy one J. R. Whitman filed an affidavit reciting that he was a member of the firm of Williams & Company, and was a member at the date of the suit mentioned above, and that the firm was composed of L. V. Williams and J. R. Whitman, and the execution mentioned above had been levied on the property of the firm, but had issued and was proceeding ille-

gally for the following reasons: that the firm of Williams & Company had never had its day in court, was never sued, was never served with any process, and did not waive process or service, and did not appear or plead or otherwise defend, nor was it a party to the suit upon which the execution was based; further, that the suit was brought against L. V. Williams alone, and not against the firm of Williams & Company, that process was issued only against L. V. Williams, and that he alone was served, while the judgment and execution issued upon said suit was against the firm of Williams & Company; that neither the partnership nor Whitman individually was bound by the judgment, neither having had any knowledge or notice of the pendency of the suit until execution; that execution against Williams individually could not be levied upon the partnership's property, the remedy to reach individual partner's interest in the partnership property being garnishment, and not levy. The case was heard by the judge on an agreed statement of facts, substantially verifying the allegations of the illegality. The judge sustained the illegality, and the plaintiff excepts.

1. The question as to who are parties to an action is generally to be determined by inspection of the whole record, including the petition, prayer for process, the process, the return of the sheriff, etc. To bind a party by the judgment in a suit, irrespective of what other portions of the record may show, it must appear that he has been served with process directed to him, or else that he has, by some express or implied waiver, dispensed with the necessity of process. In the present case, if the firm of Williams & Company had been sued and process had been directed against it (and it is conceded that the language found in the prayer for process did indicate an intention on the part of the plaintiff to sue the firm, Williams & Company, as well as L. V. Williams), the service upon L. V. Williams would have been as good as service upon the firm, and would have bound not only the property of Williams individually, but also the partnership assets. Conceding that the petition was so framed as to make a joint suit against L. V. Williams individually and the firm of Williams & Company, the process did not include both, and, therefore, only the defendant named in the process, Williams, individually, was bound by the judgment, there being no waiver, appearance, or pleading to effectuate a different result; for "there is no reason why the process might not be valid

as to one defendant and void as to the other, even though the defendants may have been sued jointly." *Neal-Millard Co.* v. *Owens,* 115 *Ga.* 959, 962 (42 S. E. 266). "Where no process is attached to the petition, and process is not waived by the defendant, service of the petition upon him does not give the court jurisdiction to render a judgment against him. . . A void process is equivalent to no process, and the same result would follow from attaching a void process as from a failure to attach any process whatever. . . If in order to give the court jurisdiction of a proceeding brought against a defendant he must either have been served with a mandate from the court to appear and answer the plaintiff's demand, or must have waived such mandate, it would seem to follow, as a necessary corollary from this, that the service upon a defendant of a process commanding some one else to appear in court would be no process at all as to the defendant, and he would have a right to utterly disregard the same." *Neal-Millard Co.* v. *Owens,* supra. We conclude, therefore, that the partnership's property was not bound by the judgment.

2. By the Civil Code, §2661, "the interest of a partner in the partnership assets may be reached by a judgment creditor by process of garnishment served on the firm, and shall not be subject to levy and sale." Therefore, the execution which was valid only as against L. V. Williams, individually, could not be levied upon the partnership assets. However, since the partnership Williams & Company was named as a party defendant in the judgment and in the execution, and since the execution was in fact levied upon the partnership property, it was permissible for one of the partners, in the partnership's name, to file an affidavit of illegality. Illegality, and not claim, was the appropriate remedy. If the execution had issued against the individual Williams alone, the point that claim was the appropriate remedy would have been well taken.

*Judgment affirmed.*