## FRYER et al. v. STATE OF GEORGIA.

1. It is proper to direct a scire facias, issued on the forfeiture of a criminal recognizance, to all and singular the sheriffs of this State.
2. In a proceeding by scire facias to forfeit a criminal recognizance, a judgment may be entered up against the bail without service of scire facias upon his principal.
3. In a proceeding of the character mentioned in the preceding note, where the bail resided in a different county from that in which the scire facias was returnable, but, being in the county where the writ was returnable, the sheriff served him personally, the service so made was sufficient. It was unnecessary to serve him by second original.
4. The evidence was sufficient to support the verdict.

JULY 15, 1914.

Forfeiture of recognizance. Before Judge Gilbert. Talbot superior court. March term, 1913.

J. O. Fryer as principal, and R. L. Graham as security, gave their recognizance for the principal's appearance to answer an indictment in the superior court of Talbot county. Upon the principal's default of appearance the bond was forfeited, and scire facias was issued, being directed to the sheriffs of this State. The principal was not served. The bail was served by the sheriff of Talbot county, he being in that county at the time of the service. The bail filed his motion to dismiss the proceeding, on the grounds: (a) that the scire facias was void, because it was directed to the sheriffs of this State and their lawful deputies, and not to the sheriff and his lawful deputies of Talbot county, the same being the county from which it was issued; (b) that his principal had not been served

with a copy of the scire facias, nor did he waive service; (c) because the bail, at the time of the service, though being in Talbot county, was a resident of Lee county, wherefore the only mode of service was by second original. The bail also filed an answer that he had been discharged of all liability on the bond by the formal surrender of his principal to the sheriff. By consent the issues on the motion and the plea were tried together. Upon the conclusion of the evidence the jury returned a verdict against the defendant. Exception is taken to the court's failure to instruct the jury in accordance with the contentions made in the motion to dismiss, and of a certain instruction given by the court.

*J. J. Bull & Son,* for plaintiffs in error.

*George C. Palmer, solicitor-general,* contra.

ATKINSON, J. 1. The court did not formally rule upon the motion to dismiss. His instruction to the jury, however, was equivalent to overruling it. The statute (Penal Code, § 963) does not in terms provide for the direction to officers of a scire facias issued on the forfeiture of a criminal recognizance; but it does provide that if the parties reside out of the county or State, scire facias may be served by publication as in cases of scire facias to revive a judgment. By analogy a scire facias on the forfeiture of a criminal recognizance should issue as provided for the issuance of a scire facias on a dormant judgment. The statute as to dormant judgments provides that the scire facias should be directed to all and singular the sheriffs of this State. Civil Code, § 5976. We think, therefore, that the scire facias was properly directed.

2. The complaint is made that no judgment can be entered up against the bail until the principal has been served or has waived service. No question is made in the record because there was no return of non est inventus as to the principal. The sole point is that as a condition precedent to a judgment against a bail there must be a service of the scire facias upon his principal. The condition of a criminal recognizance is not for the payment of money if the principal fails to pay it, but for the appearance of the principal; in default of such appearance the security binds himself to pay the sum obligated as an original undertaking. The statute is not mandatory that the service shall be by publication, but is permissive. The language is that "the scire facias *may be* served by publication, as in the cases of scire facias to revive judgment."

But we do not understand the statute to mean that a judgment against the bail can not be entered up unless the principal is served by publication or otherwise, as a condition precedent to the entry of judgment on the bond. Indeed the statute provides that if at such return term no sufficient cause be shown to the contrary, judgment, on motion, shall be entered against the principal and sureties, or such of them as have been served. Penal Code § 962. This is a clear inference that service on others is not a condition precedent to taking a judgment against those that have been served.

3. It appeared from the evidence that the bail, at the time he signed the bond, was a resident of Talbot county, Georgia; but at the time he was served he was living in Lee county. It appeared that he was in Talbot county at the time of service by the sheriff of Talbot county; and the question is whether the service under these conditions is good. The sheriff had authority to serve the writ in that county; the bail was in that county at the time, and was personally served. We know of no reason why such service is not valid. It will be borne in mind that the point made goes to the service, and not to the jurisdiction of the court. There is no question that the scire facias against the bail is to be issued from the court of the county in which the indictment was preferred, and not from the court of the county where the bail resided.

4. On the issue as to whether the principal had formally surrendered to the sheriff there was a sharp conflict of evidence. The sheriff testified that there had been a forfeiture of the bond, that the principal had paid the costs on that forfeiture, and that he did not surrender himself into his custody. The jury had a right to take this testimony as true.

*Judgment affirmed. All the Justices concur.*