5820.   FRANK ADAM ELECTRIC COMPANY *v.* WITMAN.

1. The fact of service not being denied, it was not necessary for the defendant to file a traverse of the officer's return, as a condition precedent to being allowed to introduce evidence to substantiate the facts alleged as the grounds of his affidavit of illegality.
2. To bind a party by a judgment, it must appear that he has been served with process directed to him, or else that he has, by some express or implied waiver, dispensed with the necessity for process.
3. There was no error in the judgment sustaining the affidavit of illegality, nor in overruling the motion for a new trial.

DECIDED JULY 3, 1915.

Affidavit of illegality; from municipal court of Macon—Judge Daly.   June 6, 1914.

*Mallary & Wimberly, P. O. Holliday,* for plaintiff.
*Harris & Harris,* for defendant.

RUSSELL, C. J.   Frank Adam Electric Company instituted suit in the municipal court of the city of Macon upon certain promissory notes made by Witman & Mountford, a partnership composed of J. M. Witman and W. J. Mountford Jr., and indorsed by D. Witman.   The petition prayed for process directed to Witman & Mountford and D. Witman.   The process stated the case as "Frank Adam Electric Company *v.* Witman & Mountford."   In the body the process read: "The defendant Witman & Mountford is hereby required personally or by attorney to be and appear, etc." Copies of the petition and process were served on J. M. Witman, D. Witman, and W. J. Mountford Jr.   The suit was undefended, and judgment was entered against the partnership and the individual members thereof, and also against D. Witman.   On this judgment execution was issued, and a levy was made thereunder upon certain property of D. Witman.   To this levy D. Witman filed an affidavit of illegality, alleging: "Deponent has never had his day in court, was never served with any process directed to him to defend the suit whereon said execution was based, nor did he waive service, nor did he appear in or defend said suit."

The case was heard by the judge without the intervention of a jury.   The evidence on the trial showed substantially the foregoing facts, and, in addition, C. R. Wright, the clerk of the municipal court of Macon, testified that after judgment had been entered in the original suit, and just prior to issuing the execution thereon, his attention was called to the fact that the process was directed

only to Witman & Mountford, while the petition showed that D. Witman was also a party defendant. He thereupon changed the original process on file in his office by inserting the following names after the words Witman & Mountford in the body of the process: "J. M. Witman, W. J. Mountford Jr., and D. Witman." It was also undisputed that D. Witman was not a member of the firm or partnership of Witman & Mountford, nor connected therewith in any way, his name simply appearing on the back of the notes as an accommodation indorser. The judge sustained the affidavit of illegality, and after having made a motion for new trial, which was overruled, the plaintiff excepted.

The brief for the plaintiff in error sets forth two contentions: (1) that the court erred in allowing evidence relative to the changes made in the process and as to the names of the persons originally contained therein; and (2) that the service of the process as originally made was sufficient to require the defendant D. Witman to appear and answer the suit. We see no merit in either contention. It was not contended that the return of the sheriff was untrue as originally made. The only contention of the defendant was that the actual service as made was insufficient to require him to answer. The fact of service and the truthfulness of the return of service were not denied. The sole contention of the defendant was that the process, as to him, was void, and that there had been an unauthorized change in the process by the clerk after the service was made. No act of the sheriff was challenged, nor was the truth of any statement or certificate made by him denied. We do not think he was a necessary party to the proceeding.

It is undisputed that the process issued by the clerk and the copy thereof which was served on D. Witman were directed to only Witman & Mountford, and commanded only them to be and appear and defend the suit. Judge Powell, speaking for this court in *John Holland Gold Pen Co.* v. *Williams & Co.,* 7 *Ga. App.* 173, 174 (66 S. E. 540), said: "To bind a party by the judgment in a suit, irrespective of what other portions of the record may show, it must appear that he has been served with process directed to him, or else that he has, by some express or implied waiver, dispensed with the necessity of process." It is not contended in the present case that there was any waiver of process, and it is clear, from a mere reading of this quotation, that there is no merit in the conten-

tion of plaintiff in error that the process was a valid process merely because the petition which was attached thereto named D. Witman as a party defendant and prayed process as against him. In the case of *Neal-Millard Co.* v. *Owens,* 115 *Ga.* 959-961 (42 S. E. 266), the Supreme Court said: "Process is a means whereby a court compels the appearance of a defendant before it or a compliance with its demands. 20 Enc. P. & P. 1101. To every petition there must be annexed a process, unless the same be waived. Civil Code, § 4974 [Civil Code of 1910, § 5552]. Where no process is attached to the petition, and process is not waived by the defendant, service of the petition upon him does not give the court jurisdiction to render a judgment against him. In such a case process can not be supplied by amendment at the trial term and service be perfected. A void process is equivalent to no process, and the same result would follow from attaching a void process as from a failure to attach any process whatever." The petition in the case last cited was against two different parties, while the process was issued in the name of one of the parties named in the petition and in the name of some person not named in or connected with the suit. Service was made upon both of the parties named in the petition and whose names appeared on the backing of the petition as the defendants therein. The court said: "Where a defendant in a pending suit is served with a process in which an entirely different person is named as defendant, such process is, as to the person served therewith, no process at all." It is clear to us, therefore, that in the present case the process as to D. Witman was no process at all, and that the court correctly sustained the affidavit of illegality. The process, being void, could not be amended (Civil Code, § 5963); and even if it could be amended, the amendment could not be made by the clerk upon his own motion. It is grossly improper for a clerk to alter any document of file in the clerk's office, and such an act is forbidden by law. *Matthews* v. *Reid,* 94 *Ga.* 461 (2), 462 (19 S. E. 247).

There was no error in overruling the motion for a new trial.

*Judgment affirmed.*