HARTSFIELD COMPANY *v.* HAMIL.

No. 10487.   MAY 18, 1935.

*Robert T. Efurd* and *Mose S. Hayes,* for plaintiff in error.

*Noah J. Stone,* contra.

BECK, Presiding Justice. A petition was filed by I. F. Hamil, to have canceled and declared null and void a guaranty signed by him; and for injunction. It was alleged that Hartsfield Company (the plaintiff in error) was engaged in the business of making small loans under the act of 1920 (Ga. L. 1920, p. 215); that on July 6, 1932, Hamil borrowed from Hartsfield Company the sum of $300; that on July 25, 1932, one Turner borrowed from Hartsfield Company the sum of $300, for which he gave his promissory note, and on the same date Hamil signed a guaranty to Hartsfield Company against loss in an amount of money not to exceed $300 and interest thereon not to exceed 3-1/2 per cent. per month on the unpaid balance of Turner's note. The plaintiff attached a copy of his individual note, a copy of Turner's note, and a copy of plaintiff's guaranty. It was further alleged that Turner, in September, 1933, removed from Fulton to DeKalb County, and defaulted in the payment of his note after paying a part thereof; that no demand had ever been made upon Hamil for the payment of the note of Turner, which he had guaranteed, until June, 1934; that Turner was insolvent and unable to pay the balance due on his note; that the Hartsfield Company was attempting to file a suit and garnishment to force Hamil to settle the claim, which he contends was null and void because of the provision contained in section 13 of the small-loan act of 1920, which he set forth. The petition further showed that the note executed by Hamil for the loan of $300 to himself had been paid prior to the filing of the petition, in which plaintiff prayed that the contract of guaranty be declared null and void, and that the lender be enjoined from bringing suit and serving summons of garnishment, and from prosecuting suit in any court except in this proceeding. Hartsfield Company filed a general demurrer to the petition, which was overruled, and it excepted.

The court erred in overruling the demurrer. The petition shows that the plaintiff had paid in full his individual note for the money which he borrowed from the licensee or lender; and it does not appear that any demand was made upon him for the payment of the debt as to which he was a guarantor until after his own note had been paid. The fact that he had signed the note as guarantor

while his own debt to the company was in existence did not make him a debtor for more than $300, although the aggregate of his own note and that upon which he was a guarantor was more than that sum. In section 13 of the small-loan act of 1920 (Ga. L. 1920, p. 215), approved August 17, 1920, it is provided: "Every person, copartnership, and corporation licensed hereunder may loan any sum of money not exceeding in amount the sum of three hundred dollars, and may charge, contract for, and receive thereon interest at a rate not to exceed three and one half per centum per month. . . If interest or charges in excess of those permitted by this act shall be charged, contracted for, or received, ·the contract of loan shall be null and void, and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever. No person shall owe any licensee, as such, at any time more than three hundred dollars for principal." But the fact that one is indebted to one of these licensees and becomes guarantor for the debt of another, though the two debts aggregate more than $300, does not render the maker of the first note a debtor for the aggregate sum represented by both notes. One who becomes a guarantor upon the note of another is not, until the failure of the borrower to meet his obligation, a debtor to the lender.

In *Georgia Casualty Co.* v. *Dixie Trust & Security Co.*, 23 *Ga. App.* 447 (98 S. E. 414), it was said: "The contract signed by Wilson was one of guaranty, and a guarantor can not be sued jointly with the principal debtor. . . The difference between the contract of surety and guarantor is thus stated: ' "A surety and a guarantor have this in common, that they are both bound for another person; yet there are points of difference between them which should be carefully noted. A surety is usually bound with his principal by the same instrument, executed at the same time and on the same consideration. He is an original promisor and debtor from the beginning, and is held ordinarily to know every default of his principal. . . On the other hand, the contract of the guarantor is his own separate undertaking, in which the principal does not join. It is usually entered into before or after that of the principal, and is often founded on a separate consideration from that supporting the contract of the principal. The original contract of the principal is not the guarantor's contract, and the guarantor is not bound to take notice of its non-perform-

ance."' 1 Brandt on Suretyship (3d ed.), § 2. The surety joins in the same promise as his principal, and is primarily liable; the guarantor makes a separate and individual promise, and is only secondarily liable. His liability is contingent on the default of his principal, and he only becomes absolutely liable when such default takes place and he is notified thereof. 20 Cyc. 1400 et seq.; Childs on Suretyship and Guaranty, 7.' . . The distinction is thus stated in a decision of our Supreme Court [*Manry* v. *Waxelbaum Co.*, 108 *Ga.* 14, 33 S. E. 701] : 'One difference is pointed out by our Code. It says that a contract of suretyship "differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." [Code of 1933, § 103-101.] . . In brief, we understand the difference to be this: A surety binds himself to perform if the principal does not, without regard to his ability to do so. His contract is equally absolute with that of his principal. They may be sued in the same action, and judgment may be entered up against both. A guarantor, on the other hand, does not contract that the principal will pay, but simply that he is able to do so; in other words, a guarantor warrants nothing but the solvency of the principal. Before an action can be maintained against a guarantor, therefore, it must be shown that the principal is unable to perform. The surety says to the creditor, if your debtor will not pay, 1 will pay. The guarantor says to him, proceed first against the principal; and if he should not be able to pay, then you may proceed against me. It has been said that there is no instance in the books of a guarantor contracting jointly with his principal. Much has been written upon this subject, but we think the above expresses the true distinction between the two classes of contracts.' " The Court of Appeals further said: "Measured by the rules laid down in the decisions cited, whatever may be the particular nature of the obligation entered into by Wilson, it was not that of a surety. The obligations were evidenced by different instruments executed at different times and upon different considerations. Wilson was not a debtor from the beginning, and has at no time ever been primarily liable upon the certificates. Under no view of the transaction could the city court of Macon have had jurisdiction of the trust company." Under the last statement in the decision from which the above quotation is made, Hamil was not a debtor from the beginning, that is, from the time he signed

the note upon which he was guarantor; nor did he become a debtor until the happening of the contingency which made him liable as a guarantor, and that was subsequent to the time at which he had paid off his debt of $300; and hence at no time was he a debtor for more than $300. That being true, the statute had not been violated so as to render void the contract which petitioner seeks to have canceled.     *Judgment reversed.     All the Justices concur.*