A surety on a criminal appearance bond is obligated as on an original undertaking to have the principal present in court in accordance with the condition of the bond, and where in a forfeiture proceeding such surety is served, although the principal is not served, the surety cannot go behind the judgment rendered against him, and by affidavit *Page 440 
of illegality set up defenses that existed before the judgment was rendered. See Fryer v. State, 142 Ga. 81
(82 S.E. 497); Code § 39-1009; Harbig v. Freund Co., 69 Ga. 180. Accordingly, since all the defenses set up in the illegality existed before judgment, and since the surety was served and could have had his day in court, the judgment of the trial court dismissing the affidavit of illegality, on motion of the solicitor-general, was without error.
Judgment affirmed. MacIntyre, P. J., and Gardner, J.,concur.
 DECIDED FEBRUARY 4, 1948.
On November 16, 1945, an execution issued from the Superior Court of Troup County against Hillard Moton and Milton Strickland, the latter the plaintiff in error herein, in favor of Ellis Arnall, Governor, in the sum of $500 principal and $14.35 costs.
This execution was based upon a judgment pursuant to a bond forfeiture which grew out of a bond executed by Hillard Moton, as principal, and the plaintiff in error as surety, conditioned upon said principal appearing before the superior court of said county to be held on the 2nd Monday in May, 1945, to answer the charge of manufacturing whisky. On May 15, 1945, the clerk of the superior court of said county issued a scire facias as required by § 27-906 of the Code, and on the same day the trial judge issued a rule nisi directed to the principal and the surety on said bond, reciting, among other things, "Now, on this day the said Hillard Moton being solemnly called to come into said court to answer said charge and the said Milton Strickland, his bail having been warned to present the body of his principal, who he engaged to be present this day to answer said charge, and the said parties respectively having wholly made default . .", and directing said principal and surety to show cause at the next term of the superior court of said county why the judgment should not be made final. This rule was served only on the plaintiff in error, the surety. On November 15, 1945, final judgment was entered against the plaintiff in error. Thereafter execution issued and was levied upon certain real property of the plaintiff in error, who filed an affidavit of illegality charging: (1) The judgment on the rule absolute and the proceedings leading to it are void for the reason that the alleged offense described in the appearance bond upon which the judgment is based is that of "manufacturing whisky," *Page 441 
and this is not necessarily a crime as manufacturing whisky is legalized under the laws of Georgia under certain conditions. (2) Said judgment is void because before the same was entered no affidavit setting forth facts showing that the defendant was not in the military service of the United States was filed, as required by the Soldiers' and Sailors' Civil Relief Act of 1940, being Act of Congress, Public No. 861. (3) The judgment is void because the surety was not warned to present the body of the principal as alleged in the proceedings to forfeit the bond. (4) The judgment is void because the case for which it is alleged the principal was to appear and answer was called out of its order on the docket, and the solicitor-general did not announce that he was ready for trial before said bond was forfeited and the rule nisi issued. (5) The judgment is void because only the surety was served by the sheriff, with the rule nisi, and the proceedings showed no reason why service was not had upon the principal.
On November 5, 1947, at the hearing of said cause in the superior court of said county, the solicitor-general made an oral motion to dismiss the affidavit of illegality on the ground that the same set out no defense to the execution. The trial judge sustained this motion and entered a judgment dismissing the affidavit of illegality. This judgment is assigned as error.