35677.   WEINBERG *v.* LASTINGER *et al.*

Decided July 7, 1955.

*McCall & Griffis,* for plaintiff in error.
*Edward Parrish,* contra.

Felton, C. J.   The summons was issued directed to "C. N. Lastinger, d/b/a C. & C. Store."   Personal service was made on "C. N. Lastinger."   A default judgment was entered against "C. N. Lastinger, d/b/a C. & C. Store."   An execution was issued on such judgment against the property of "C. N. Lastinger, d/b/a C. & C. Store."   A levy was made on the property of "C. & C. Store."   An "affidavit of illegality" was filed by "C. & C. Store, a partnership composed of C. I. Lastinger and C. M. Lastinger."

An action and a judgment against "C. N. Lastinger, d/b/a C. & C. Store" are against C. N. Lastinger individually, and not as a partner, and an execution so issued subjects the personal property of C. N. Lastinger to levy and sale and not partnership

property. Therefore, the interest of C. N. Lastinger in the partnership of C. & C. Store could not be reached by levy and sale. Code § 75-315.

An affidavit of illegality can be filed only by the defendant in fi. fa. In this case, while the affidavit is in the form of an affidavit of illegality, there was no demurrer on the ground that affidavit of illegality was not the proper remedy of the partnership, and since one ground of the affidavit was appropriate to a claim and would support a claim, the affidavit will be treated as being a claim. See *John Holland Gold Pen Co.* v. *Williams,* 7 *Ga. App.* 173 (66 S. E. 540).

Since the action, judgment, and execution were against an individual, the partnership interests of the individual could not be reached by levy and sale, and the court did not err in finding in favor of the claim filed by the partnership.

The court did not err in denying the motion for a new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*