## 36051. ALDRICH *v.* JOHNS.

DECIDED APRIL 3, 1956—REHEARING DENIED APRIL 25, 1956.

*John J. McCreary,* for plaintiff in error.

*Martin, Snow & Grant,* contra.

FELTON, C. J.   The court sustained the general demurrer to the petition on other grounds than those based on the court's lack of jurisdiction over the defendant.   We do not consider the trial

judge's reasons for his action. Suffice it that the judgment is correct because under the allegations the court did not have jurisdiction of a nonresident under the facts alleged. The petition shows that the plaintiff seeks to subject the defendant to the jurisdiction of the Civil Court of Bibb County under the Georgia Nonresident Motorists Act. The act is in derogation of common law and must be strictly construed. *Mull* v. *Taylor*, 68 *Ga. App.* 663, 670 (23 S. E. 2d 595). Furthermore, if it is at all ambiguous or doubtful in meaning, it must receive a constitutional construction if possible. It seems to us that the purpose of the act is to subject a nonresident to the jurisdiction of Georgia courts on the theory that by using Georgia Highways he consents to be sued in Georgia on causes of action arising from an alleged tort liability incurred by his use of the highways. Ga. L. 1937, pp. 732,733 (Code, Ann. § 68-801). The venue for actions under the act is in courts which have jurisdiction of *tort* and criminal action. Ga. L. 1937, pp. 732, 734; 1947, p. 305; 1955, p. 650 (Code, Ann. Supp., § 68-803). In this case it is not alleged that the employees' injuries were caused by the tortious use of our highways by the defendant. On any other kind of cause of action the defendant could not be constitutionally sued in a Georgia State court of law without his waiving the court's lack of jurisdiction over his person. "The courts of Georgia have no extraterritorial jurisdiction, and cannot make a citizen of another State amenable to their process, or conclude him by a judgment in personam, without his consent; . . . *Pennoyer* v. *Neff*, 95 U. S. 714 (2) (24 L. ed. 565); *Dearing* v. *Bank of Charleston*, 5 *Ga.* 497 (5); *Bank of Floral City* v. *Warnock*, 144 *Ga.* 117 (2) (86 S. E. 249)." *Ford* v. *Southern Ry. Co.*, 33 *Ga. App.* 24 (1) (125 S. E. 479). Even if it could be said that the employees' employment of a physician or obtaining medical services in an emergency would bind their employer, either on the theory of implied authority or any other theory, including the workmen's compensation law of Alabama, the courts of Georgia could not acquire jurisdiction under the Nonresident Motorists Act for the reasons stated above.

In Lindsay *v.* Short, 210 N. C. 287 (186 S. E. 239), the Supreme Court of North Carolina said, in considering a North Carolina nonresident motorists statute similar to our own: "We are of the opinion, and so hold, that the foregoing statute does not embrace

an action for abuse of process in having the plaintiff arrested. An action for abuse of process cannot be said to be an action growing out of any accident or collision in which the defendant was involved by reason of the operation by him, for him, or under his control or direction, of a motor vehicle on a public highway of this state."

The Civil Court of Bibb County did not have jurisdiction of the defendant by attempted service on the defendant by service on the Secretary of State.

The court did not err in disallowing the second amendment and in sustaining the demurrer to both counts of the petition, pointing out the lack of jurisdiction of the court.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*