### 45839. TAYLOR v. JONES et al.

EBERHARDT, Judge. Ray Taylor, a resident of Turner County, contracted with Jones, a motor contract carrier of Indiana, who was registered with the Public Service Commission of Georgia, to *procure* a carrier for the transportation of 439 crates of tomato plants from Ashburn to Ontario, Canada. Jones, as a trucking broker, arranged with Himsel, a private trucker of Indiana who had not registered with the Public Service Commission of Georgia, to transport the plants, and Himsel sent his truck, with Bob Chambers the driver, to Ashburn, where the cargo was loaded and where plaintiff instructed Chambers not to deliver the cargo to the consignee without first obtaining

cashier's check or a certified check for the invoice price. The plants were delivered and, contrary to plaintiff's instructions, Chambers accepted a personal check and sent it to plaintiff. Plaintiff deposited it, but the check was returned by the bank and efforts at collection from the consignee have been unavailing.

Plaintiff now sues Jones and Himsel, alleging that his loss results from the negligence of Chambers in accepting the personal check. He also alleges that Jones, under his contract, agreed to indemnify plaintiff for any loss due to the negligence of the carrier (Himsel) whom Jones might procure for transporting the plants.

Service of both Jones and Himsel was upon the Secretary of State under *Code Ann.* § 68-514.

Defendant Jones attacks the service on the ground that plaintiff's claim does not arise out of his carrier operations, but out of his brokerage contract, and, in any event, that it did not arise in the State of Georgia. Himsel attacks the service on the ground that the claim did not arise out of his carrier operation, but out of the private arrangement made with Chambers by plaintiff as to the collection of the invoice price, to which he was not privy.

Both defendants attack the petition as failing to set forth a claim upon which relief can be granted against them.

From a sustaining of both attacks and a dismissal of the petition, plaintiff appeals. *Held:*

1. Jones had no contract of carriage with plaintiff. The plants were not transported by him. Under the allegations of the petition he "procured a carrier" to transport the plants for plaintiff. This was a contract of brokerage, for the breach of which service upon him is not authorized by serving the Secretary of State under *Code Ann.* § 68-514, which, being in derogation of common law and granting extraterritorial jurisdiction, must be strictly construed. Cf. *Mull v. Taylor,* 68 Ga. App. 663, 670 (23 SE2d 595); *Aldrich v. Johns,* 93 Ga. App. 787, 791 (92 SE2d 804). Plaintiff's claim did not grow out of Jones' carrier operations in this State. *Record Truck Line, Inc. v. Harrison,* 220 Ga. 289 (138 SE2d 578). Even if it might have arisen under his contract of indemnity, service under this statute is not author-

ized. Consequently, as to him, the attack on the service was properly sustained.

2. Under the allegations of the petition the claim does not arise under any negligent handling of the plants by Himsel or his servant in transporting them. It arises solely by reason of the driver's failure to observe plaintiff's instructions to withhold delivery of the plants until the consignee delivered to him a cashier's check. While the driver may have assented to the instructions and may have agreed to observe them, in so doing he simply agreed to serve as plaintiff's agent in securing the check. *Fitzsimmons v. Southern Express Co.*, 40 Ga. 330, 336 (2 AR 577). A mere truck driver has no authority to bind his principal by making a change in or addition to the contract of carriage. Cf. *Southern Express Co. v. Frink*, 67 Ga. 201; *Ozburn v. Morris & Co.*, 22 Ga. App. 325 (95 SE 1019); *Horton v. Tway*, 43 Ga. App. 164 (158 SE 365). Even under the liberal construction of pleadings afforded by the Civil Practice Act, it appears here that plaintiff's claim arose out of a private arrangement which he made with Chambers, to which Himsel, his employer, was not privy. The attack on the service by Himsel was properly sustained.

3. Plaintiff urges that even though the service on the Secretary of State may have been unauthorized under *Code Ann.* § 68-514, yet it was good under the Long Arm Statute, found in *Code Ann.* § 24-113.1. We cannot agree. That statute requires service on the defendants "in the same manner as service is made within the State,"—which is not upon the Secretary of State. It, too, is in derogation of common law and must be strictly construed. *Bauer Internat. Corp. v. Cagle's*, 225 Ga. 684 (171 SE2d 314).

4. Since we conclude that there has been no lawful service of process upon either of the defendants, we do not find it necessary to reach the matter of whether, under the allegations of the petition, a claim was set out upon which relief against them could be granted.

*Judgment affirmed. Hall, P. J., and Whitman, J., concur.*
SUBMITTED JANUARY 12, 1971—DECIDED MARCH 18, 1971.

*Sutton, Kelley & Pittman, Frank Sutton, Thomas H. Pittman,* for appellant.

*Reinhardt, Ireland, Whitley & Sims, Glenn Whitley,* for appellees.