### 47555. FIRST NATIONAL BANK & TRUST COMPANY v. KUNES et al.

EVANS, Judge. The First National Bank & Trust Company in Macon, as plaintiff, filed suit in the Superior Court of Tift County against Coastal Plains Realty Company (a corporation) and G. Gerald Kunes and Andrew M. Garrison, as defendants. The complaint alleged that defendants had executed seven promissory notes payable to plaintiff, secured by a security deed; that defendants had defaulted in payment and the property was sold under a power of sale; that the sale price was less than the indebtedness; that plaintiff had secured an order from the Superior Court of Tift County confirming the sale, in accordance with Code Ann. §§ 67-1503, 67-1504, 67-1505, 67-1506 (former Code Ann. §§ 37-608 through 37-611; Ga. L. 1935, p. 381); and the complaint prayed recovery of the difference between the sales price and the indebtedness, plus attorneys' fees. Defendants Kunes and Garrison filed defensive pleadings, and at the trial, moved to dismiss counts one and two of the complaint as to them because of plaintiff's failure to comply with the statute in respect to confirmation of the sale. The

trial judge heard evidence and thereafter sustained the motion to dismiss, and from said judgment the plaintiff Bank appeals. *Held:*

1. The statute as to confirmation of sales where a deficiency judgment is sought is in derogation of the common law and must be strictly construed. *Oberdorfer v. Smith,* 102 Ga. App. 336, 339 (116 SE2d 308); *Watson v. Thompson,* 185 Ga. 402, 406 (195 SE 190); *Taylor v. Jones,* 123 Ga. App. 476 (1) (181 SE2d 506).

2. The statute in question is Code Ann. § 67-1505, supra, and is as follows, to wit: "The court shall direct notice of the hearing to be given the debtor at least five days prior thereto, and at the hearing the court shall also pass upon the legality of the notice, advertisement and regularity of the sale. The court may, for good cause shown, order a resale of the property." The purpose of this statute is tersely set forth in *Goodman v. Nadler,* 113 Ga. App. 493, 496 (148 SE2d 480) as follows: "The strongest ground of public policy which occurs for the enforcement of statutes requiring confirmation in foreclosure proceedings is to protect the debtor from being subjected to double payment in cases where the property was purchased for a sum less than its market value."

3. It was shown at the hearing on motion to dismiss that this statute had been complied with as to Coastal Plains Realty Company, but had not been complied with as to Kunes and Garrison. The proceeding for confirmation was brought solely against the corporation, and the rule nisi was directed solely to the corporation. Neither Kunes nor Garrison was mentioned therein. Thus, as to these two defendants there was no compliance with the statute, and no right on plaintiff's part to subject them to a judgment for the deficiency between sale price and actual indebtedness.

4. Plaintiff argues quite persuasively that despite the

failure of the application to name these two defendants, and despite the rule nisi being directed solely to the corporation, that each of them had actual knowledge of the confirmation proceeding, with opportunity to object, and having failed to object, they are bound by the judgment of confirmation. But actual notice or knowledge will not cure the failure to comply with the statute as to confirmation. A party is not bound by every court proceeding of which he has knowledge. For instance, one may be present in court when a case is tried and judgment rendered against him; still if he has not been served with copy of complaint and summons, he has not had his day in court, and is not bound by the judgment. It has even been held by this court that a defendant who is named in a petition, *but not named in the process,* is not bound to answer, even though served with the proper petition and improper process. See *Frank Adam Electric Co. v. Witman,* 16 Ga. App. 574 (2) (85 SE 819). Also see *John Holland Gold Pen Co. v. Williams & Co.,* 7 Ga. App. 173, 174 (66 SE 540).

5. Plaintiff contends that Kunes and Garrison were not endorsers, but were guarantors, and therefore, technically they were not "debtors" at the time the confirmation proceeding was pending; and thus it was unnecessary that they be named in the confirmation proceeding and rule nisi. It is true that the statute requires the court to "direct notice of the hearing to be given to the debtor . . ." But the intent of our lawmakers in enacting this statute, as is reinforced by the language in the *Goodman* case, supra, was to "protect the debtor from being subjected to double payment in cases where the property was purchased for a sum less than its market value." It would only be under the principle of reductio ad absurdum to say the General Assembly wished to protect the *principal debtor* from double payment, but did not have any

concern whatever for *endorsers and guarantors*. The statute, by using the word "debtor," included all who were presently subject to payment of the debt, or who might be subjected to payment thereof, if within the knowledge of the payee of the note. And, the plaintiff's position on this question is not tenable, in that he seems to contend that Kunes and Garrison were not *debtors* until the very instant when the judge signed the confirmation order, but that immediately thereafter *they became debtors* and subject to the payment of the deficiency judgment. The complaint in this case contains certain statements which are admissions in judicio and under Code § 38-114 are binding upon plaintiff. It is alleged as to the three defendants, Coastal Plains Realty Company, G. Gerald Kunes and Andrew M. Garrison, in various paragraphs of complaint, as follows: "4. Defendants executed a promissory note, . . . 5. Defendants defaulted in payment of said note . . . 6. Defendants did not pay said note and under the power of sale contained in the security deed used to secure payment of said note plaintiff sold said property described in the security deed. Wherefore, plaintiff demands judgment against the defendants . . ." Thus, the plaintiff, when filing the complaint, alleged (as a solemn admission in judicio) *that all three defendants executed the note; that all three defendants defaulted in payment.* If Kunes and Garrison were not debtors, they could not have defaulted in payment, because they had no obligation to pay, under plaintiff's contention, until the confirmation order was signed. Black's Law Dictionary defines "default" as a *failure, an omission of that which ought to be done; the omission or failure to perform a legal duty.* So plaintiff himself regarded both Kunes and Garrison as "debtors" (according to his complaint) at the time the note became due. Black's Law Dictionary defines "debtor" as *one who owes a*

*debt; he who may be compelled to pay a claim or demand; any one liable on a claim, whether due or to become due.*

6. Kunes and Garrison were debtors within the meaning of the term as employed in the statute as to confirmation of sales where a deficiency judgment is to be sought. The plaintiff bank expected to try to hold them liable for payment of the balance, and it was therefore under obligation to pursue the statute and comply with it by having the court "direct notice of the hearing to be given to the debtor at least five days before the hearing." They were under no duty whatever to object to an application for confirmation which was not directed to them, but to the contrary, had the right to conclude that by not naming them, none of their rights was involved in the proceeding.

7. The trial judge properly sustained defendants' motion to dismiss.

*Judgment affirmed. Bell, C. J., Quillian and Clark, JJ., concur. Eberhardt, P. J., and Pannell, J., concur specially. Hall, P. J., Deen and Stolz, JJ., dissent.*
ARGUED OCTOBER 2, 1972 — DECIDED FEBRUARY 22, 1973 — REHEARING DENIED MARCH 20, 1973 — ■

*Jones, Cork, Miller & Benton, George T. Williams, Wallace Miller, Jr.,* for appellant.

*Reinhardt, Whitley & Sims, John S. Sims, Jr.,* for appellees.

PANNELL, Judge, concurring specially. As I construe the "indemnity agreement" or "guaranty," signed by Kunes and Garrison, Kunes and Garrison are primarily liable jointly and severally with Coastal Plains Realty Company on the indebtedness involved here, and the trial court was correct in treating them *as endorsers* under the "indemnity agreement" and, therefore, debtors, who are entitled to notice of the proceedings seeking a judgment

over and above the amount brought in at the foreclosure sale.

While the agreement signed by Kunes and Garrison is denominated an "indemnity agreement" and similarly referred to in the body thereof, as well as referred to as a guaranty, there is express language in the instrument which controls the relationship of the parties. This language states that "the signer, or signors, thereof, shall be jointly and severally liable to said Bank for the indebtedness of the said Coastal Plains Realty Company *as endorsers are liable to the holder of a negotiable instrument under the Law Merchant, . . .*" (Emphasis supplied.) This language clearly indicates that the signatories of the so-called "indemnity agreement" are not secondarily liable, such as only in the event of a default of the principal debtor, but are primarily liable "as endorsers," and are, therefore, debtors entitled to notice. They having received no notice, the trial court did not err in finding in their favor as to Count 2 of the petition.

EBERHARDT, Presiding Judge, concurring. If the "indemnity agreement" here had been in the general form of a guaranty I would without hesitancy join the dissent of Judge Stolz. However, as Judge Pannell points out, it is not in the general form of a guaranty, but is specifically in the form of an endorsement, and for that reason I must conclude that whether the claim is to rest upon the physical endorsement of the notes or upon the agreement of endorsement, the result is the same. In either event appellees are debtors within the meaning of the statute as found in Code Ann. § 67-1505.

No matter what the parties may designate an agreement or what they may call it, it must be construed according to its terms. They are free in making the contract to so word an agreement of "indemnity" or of "guaranty" as to give it the effect of an endorsement, and that is what occurred here.

STOLZ, Judge, dissenting. In my opinion the trial court erred in sustaining the defendants' oral motions to dismiss as to count 2 of the complaint. Matters outside the pleadings were considered and the trial judge correctly treated the motions as being for summary judgment, pursuant to Code Ann. § 81A-112 (b) (Ga. L. 1966, pp. 609, 622; as amended).

The record reveals that between December 20, 1965 and March 27, 1967, the defendants executed eight promissory notes in favor of the plaintiff bank for a total of $133,187.06. One of these notes, for $52,858.67, was secured by a security deed on certain real estate; 6 of these notes, totalling in value $69,764.00, were secured by another security deed on other real estate: and the 8th note for $10,564.39 was secured by personal property.

The record reveals that the defendants defaulted on all of the aforesaid notes; that, subsequently, the bank exercised the power of sale provisions contained in each of the aforesaid security deeds; and that the sale price in each instance was less than the indebtednesses secured thereby.

Thereafter, the plaintiff bank filed a petition in the Superior Court of Tift County to confirm the aforesaid sales but named only Coastal Plains Realty Company as a party to the proceeding. It obtained service on the defendant Coastal Plains by serving the defendant Garrison as an officer of the corporation. No service was had on the defendant Kunes. After a hearing, the judge of the Tift Superior Court confirmed the sale as to Coastal Plains Realty Company, finding that the sale prices of the property described in the petition represented the true market value on the date of the sales, that the property was advertised for sale and sold in full accordance with all applicable laws and the provisions of the deeds to secure debt, and that the sales were legal and regular.

The plaintiff bank then brought a three-count petition against Coastal Plains Realty Company, G. Gerald Kunes

and Andrew M. Garrison. Count 1, as finally amended, alleged that the defendants executed a promissory note for $52,857.67 on March 23, 1967; that said note was secured by a security deed; that the note came in default; that the plaintiff legally exercised the power of sale provisions in the security deed; and that the property securing the same was properly sold for $50,000.00 on November 27, 1967 and sought to recover the difference in the amount owed and the sale price. The complaint had attached as an exhibit the promissory note executed by the corporation and endorsed by the individual defendants.

Count 2 of the complaint as finally amended, alleged the execution of 6 notes by the defendants over a period of time which were secured by real estate described in a security deed. The notes came in default, the plaintiff legally exercised the power of sale provisions in the security deed and the property was sold for $65,000, and sought to recover the difference in the amount owed and the sale price. Count 2 of the complaint as finally amended also alleged that defendants Garrison and Kunes had executed separate indemnity agreements with the plaintiff bank under which each defendant agreed to guarantee and hold harmless the plaintiff from any loss that it might suffer arising out of present and future obligations of Coastal Plains Realty Company. A copy of each indemnity agreement was attached as an exhibit to the complaint as amended. The consideration recited in each agreement was the plaintiff bank's extending a line of credit to Coastal Plains Realty Company amounting to $80,000. The agreement extended "to any and all obligations owing to said bank." The plaintiff sought judgment against Coastal Plains Realty Company for $24,180.69, against defendant Garrison for $11,097.33, and against defendant Kunes for $11,168.38, plus interest and court cost.

Count 3 of the complaint as finally amended, alleged

the execution of a promissory note for $10,564.39 by the defendants, the securing of same by personal property, the default in payment, the sale of collateral securing the note, and a deficiency of $3,757.96.

Defendants Kunes and Garrison made oral motions to dismiss the complaint as to counts 1 and 2, which were sustained by the trial court. The jury found for the defendants on count 3 of the complaint.

1. I concur in Divisions 1, 2, 3, and 4 of the majority opinion.

2. Defendants Kunes and Garrison signed each of the promissory notes in question as endorsers. Consequently, they were debtors within the meaning of the statutes governing confirmation of sales. As such, they should have been made parties to the proceedings for the confirmation of the sales and received the statutory notice thereof. This was not done. Consequently, the trial judge was correct in sustaining the defendants' oral motion to dismiss count 1 of the complaint and I concur in the judgment rendered in Divisions 5 and 6 as to this count.

Count 2 of the complaint sought recovery against the individual defendants based on the agreements executed by them in favor of the plaintiff bank, which were attached as Exhibits "I" and "J" to the complaint. Thus, the suit against the individual defendants in count 2, is not on the promissory notes themselves, but on the agreements executed by the individual defendants with the bank. These identical contracts provided in part: "I . . . do hereby contract, agree and bind myself to save the First National Bank & Trust Company, in Macon, harmless by reason of the credit extended to Coastal Plains Realty Company.

"This indemnity agreement is executed and delivered in consideration of said bank's agreement to extend said Coastal Plains Realty Company a line of credit amounting to $80,000. It is distinctly understood,

however, that the protection of this guaranty shall extend to and include all notes or other obligations of said Coastal Plains Realty Company now held by said bank, or future obligations and renewals thereof, for the evidence by the straight paper of said Coastal Plains Realty Company . . . and it is also the express intention of the parties that the protection of this guaranty shall extend to any and all obligations owing to said bank, whether the same be now in excess of the amount of the guaranty hereinabove stipulated or not, and shall also, any amount that may hereafter accrue in favor of said bank, even though the same be in excess of said stipulated guaranty.

"And in the event of liability accruing under this agreement the signer, or signers, thereof shall be jointly and severally liable to said bank for the indebtedness of the said Coastal Plains Realty Company as endorsers or liable to the holder of a negotiable instrument under the Law Merchant, demand, protest and notice of demand, protest and non-payment and any and all other formalities being expressly waived.

". . . should said bank undertake to collect upon said collateral or any part thereof, it shall not be liable for any negligence or mistake in judgment in making such collection, and shall have the full right and authority to adjust, compromise and *receive less than the amount due upon any of said collateral,* and otherwise enter into any accord and satisfaction with respect to same as may to said bank seem advisable, without liability of any nature to any party to this paper, except to duly credit the amount received less expenses, upon the indebtedness to it." (Emphasis supplied.)

The above contract is clearly one of guaranty. It was each of the defendants' own, separate undertaking. The principal (Coastal Plains Realty Company) did not join in its execution. They were entered into before any of the promissory notes were executed by the principal and were founded on a separate consideration. The

promissory notes of the principal (and the individuals as endorsers) were not their contracts as guarantors, and as guarantors they were not bound to take notice of the non-performance or default in payment of the notes. The guaranty contracts were separate undertakings and the individual defendants' liabilities were contingent on the default of Coastal Plains Realty Company. Once that default occurred, the guarantors became absolutely liable for the debt of their principal. See *Hartsfield Co. v. Hamil*, 180 Ga. 615, 617 (180 SE 128, 99 ALR 921), quoting *Georgia Cas. Co. v. Dixie Trust &c. Co.*, 23 Ga. App. 447 (98 SE 414).

Therefore, count 2 of the complaint stated a claim for liability based solely upon the guaranty contract and the default on the notes. The mere fact that the notes were secured by security deeds, would not relieve the defendants of their obligations under the guaranty contract. The defendants guaranteed the debt of Coastal Plains, whether or not it was secured, and specifically agreed that the bank should have "the full right and authority to . . . receive less than the amount due upon any of said collateral . . . ." This being so, the bank was entitled to proceed directly against the defendant guarantors on the guaranty contract, without regard to the collateral and how much or how little it may have brought at the sales under power.

For the foregoing reasons, I believe the trial court erred in sustaining the defendants' oral motions to dismiss count 2 of the complaint, and dissent from Divisions 5 and 6 of the majority opinion.

I am authorized to state that Presiding Judge Hall and Judge Deen concur in this dissent.