## 51792. ACCREDITED SURETY & CASUALTY COMPANY, INC. v. BUSBEE.

Evans, Judge.

On May 8, 1973, Henry E. Montroy, as principal, and Accredited Surety & Casualty Company, Inc., as security, executed a superior court criminal recognizance bond in the amount of $2,500. This bond guaranteed the appearance of Montroy at the September Term, 1973, of Charlton Superior Court to answer an indictment for burglary. Montroy did not appear at said court on October 5, 1973, and it was adjudged by the court that said bond be forfeited and that the state recover against Montroy, as principal, and the bondsman, as security, the amount of said bond, unless at the next term of said court they showed sufficient cause why this order should not be made final.

Scire facias was ordered and was issued on February 6, 1974, to be served upon the principal and the security, ordering them to be and appear at the next term of the superior court to be held in and for the county of Charlton *on the first Monday in February,* next, then and there to show cause why final judgment should not be entered against them on the bond so forfeited.

Rule absolute and final judgment upon said bond forfeiture was ordered by the court at the February term, 1974. The date of the rule absolute is not shown, but it was filed in court on October 10, 1974, by the clerk.

On August 1, 1975, the security bail herein, filed its motion to set aside said judgment on the ground that the court lacked jurisdiction upon its person because the writ of scire facias had never been served. The attached affidavits of its president and its agent in Georgia both stated that such service had not been made. Same were introduced at the hearing on the motion. The clerk of superior court testified that he *wrote letters* on April 8, 1974, and April 26, 1974, to the security's president, and also that on May 14, 1974, the duly authorized appointed

agent of the bondsman in Georgia came to Charlton County and *was informed* by the clerk that the bond had been "estreated," that scire facias had been issued, and the payment should be made thereon forthwith. But he also testified that the writ of scire facias issued February 6, 1974, was never served on the bail, either personally or by publication, nor on any agent of the nonresident corporation in Georgia.

Motion to set aside the judgment was denied, and the bondsman appeals. *Held:*

1. The sole issue before this court was whether the superior court had jurisdiction to render its rule absolute on the forfeiture of the recognizance bond; that is, its final judgment upon said bond forfeiture, and that judgment be entered against the defendants for the sum of $2,500. The scire facias issued returnable to the next term of the superior court (in this instance the first Monday in February, 1975). The same shall be served by the sheriff or his deputy at least 20 days before the return thereof, or, "if the party resides out of the county, the sheriff or his deputies in the county wherein the bond is forfeited shall have the authority to serve the principal and sureties in any county in this State. If the party resides out of the State, scire facias may be served by publication as in case of scire facias to revive judgment . . ." Code Ann. § 27-906. See *Fryer v. State,* 142 Ga. 81 (2) (82 SE 497).

2. Here the state seeks to show by personal notice of an agent, information by the clerk to her that the bond had been "estreated"; and also by certified mail to the president of the nonresident bail corporation that the bond of $2,500 handled by the agent "dated May 8, 1973, has been estreated as above defendant did not appear in court."

3. But Code Ann. § 27-906 specifically states that the scire facias issued on all forfeited bonds "shall be served by the sheriff or his deputies at least 20 days before the return thereof. . ."

4. Here the scire facias was signed on the 6th of February, 1974, for the appearance by the defendants "on the *1st* Monday in *February,* next, then and there to show cause why final judgment should not be entered against them." Stern's United States Calendar, Table No. 10, for

February, 1974, shows the first Monday to be on February 4. The scire facias thus orders the appearance of the defendants on the first Monday of February next, that is on the first Monday in February, 1975. Again, Stern's United States Calendar shows under its Table No. 11, that the first Monday in February, 1975, would be February 3, 1975.

5. This was a fatal deficiency on the state's part in that on February 6, 1974, it ordered defendant bondsman to appear on "first Monday in February next." The first Monday in February, 1974, had already passed (February 4th), so this meant the bondsman was not required to appear until first Monday in February, 1975, whereas the state took final judgment against the bondsman on October 10, 1974, almost 4 months before the time when bondsman was ordered to appear.

6. The statute, Code Ann. § 27-906, is quite plain in its statement that the service of scire facias on the bail bondsman contemplated by law is to be made by the sheriff or his deputy. Nowhere is it provided that mere knowledge by the bondsman that the matter will be heard at a certain term, or that the writing of letters to the bail bondsman by the clerk or other officials, will suffice. And yet that seems to be the position of the state in this case. See in this connection *First Nat. Bank v. Kunes,* 128 Ga. App. 565 (4) (197 SE2d 446).

7. Because of the failure to serve copy of scire facias, or rule nisi, by the sheriff or his deputy, on the bail bondsman (security), the judgment in favor of the state is vacated and set aside, and the lower court is directed to issue a new scire facias and to have it served in accordance with law.

*Judgment reversed with direction. Pannell, P. J., and Marshall, J., concur.*

ARGUED FEBRUARY 3, 1976 — DECIDED MARCH 1, 1976.

*Bennett, Pedrick & Bennett, W. Grady Pedrick,* for appellant.

*Arthur K. Bolton, Attorney General, Andrew J. Ekonomou, Staff Assistant Attorney General, Dewey*

*Hayes, District Attorney,* for appellee.