52133. DAVIS et al. v. JEEP CORPORATION.

McMurray, Judge.

This case involves a suit for damages for alleged express and implied warranties in the purchase of a motor vehicle. Samuel R. Davis and Thomas H. Davis, composing a partnership in the home improvement business, purchased a 1974 AMC-Jeep from Robert Edwards American, Inc. in Muscogee County, Georgia. The partnership brought this action against Robert Edwards American, Inc., as defendant, and also Jeep Corporation, with its principal office of business in Detroit, Michigan, alleging it has conducted business in Muscogee County, State of Georgia, and has agents upon whom service of process may be effected and that it is subject to the jurisdiction of this court. Service was accomplished upon the Jeep Corporation by serving "Robert Edwards President of Jeep Corporation," by the deputy sheriff. The case was thereafter dismissed as to Robert Edwards American, Inc. and being in default as to Jeep Corporation, no answer having been filed, the verdict and judgment was returned against it for $7,500.

Thereafter, the defendant, Jeep Corporation, moved to set aside the judgment and to quash service of process. It alleges lack of service upon it and that the said service by the deputy sheriff on one Robert Edwards was inadequate in that he was not an employee, officer, director, or agent of the defendant and that the judgment against it is absolutely void.

After discovery, these motions came on for a hearing and after considering the pleadings and certain affidavits and a deposition the court rendered its findings of fact and conclusions of law that Jeep Corporation is a subsidiary wholly owned by American Motors Sales Corporation which is a corporation organized and existing under the laws of the State of Nevada; that it is not a registered foreign corporation of the Secretary of State of Georgia, and it has no registered agent for service of process in the

State of Georgia; and that Robert Edwards, served as president, is neither an employee, officer, director, or agent of said defendant. This court also stated in its findings of fact that Jeep Corporation received notice of the service of the complaint when Robert Edwards forwarded a copy of the service of the complaint and process which was received by it in time to file defensive pleadings, but that no such defensive pleadings were filed, and that the defendant Jeep Corporation does considerable business in the State of Georgia. Its conclusions of law were that it might be legally served by personally serving an agent in a county having proper venue or by publication, but that it was not doing business at Robert Edwards American, Inc., or any other place in Muscogee County. Hence, there was no proper service upon Jeep Corporation. It therefore quashed the service and set aside the judgment. Plaintiff appeals. *Held:*

1. To be bound by a judgment, one must be served. *Adam Electric Co. v. Witman,* 16 Ga. App. 574 (2) (85 SE 819); *John Holland &c. Co. v. Williams & Co.,* 7 Ga. App. 173, 174 (66 SE 540); *First Nat. Bank v. Kunes,* 128 Ga. App. 565, 567 (4) (197 SE2d 446); *Holloway v. Frey,* 130 Ga. App. 224, 225 (1) (202 SE2d 845).

2. Service here on an individual as president of the defendant corporation was shown by the evidence to be absolutely void, and this defendant was not bound by this so-called service even though it had actual knowledge of the existing lawsuit. See *First Nat. Bank v. Kunes,* 128 Ga. App. 565, 566 (3, 4), supra. The court, finding that Edwards was not an agent, officer or employee of this defendant, did not err in sustaining this motion to set aside the judgment and to quash the service. A judgment right for any reason must be affirmed. *Hill v. Willis,* 224 Ga. 263, 267 (3) (161 SE2d 281); *Sims TV, Inc. v. Fireman's Fund Ins. Co.,* 108 Ga. App. 41, 43 (131 SE2d 790); *Jernigan v. Collier,* 134 Ga. App. 137, 138 (213 SE2d 495).

3. However, no ruling is made as to other conclusions of law by the court as to where, when and how foreign corporations in this state should be served, or that this foreign corporation was not doing business in Muscogee County, as the above ruling is dispositive of the error enumerated, and the judgment under review is affirmed.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

ARGUED MAY 4, 1976 — DECIDED MAY 13, 1976 — REHEARING DENIED MAY 27, 1976 — 

*Araguel & Sanders, Jerry D. Sanders,* for appellants.

*Page, Scrantom, Harris, McGlamry & Chapman, Joan Swift,* for appellee.