### William G. ROGERS, Plaintiff,

### v.

### Lloyd D. HAGEN, Rozell Appliances, Ltd., Debbie K. Baker, William Frank Mullinger, Elmer W. Reichell, Grace B. Anderson, Roger G. Anderson, Willie V. Reid and Mrs. Virgil Shaw, Defendants.

### Civ. A. No. C77–122R.

United States District Court,
N. D. Georgia,
Rome Division.

Feb. 10, 1978.

J. Clinton Sumner, Jr., Rogers, Magruder & Hoyt, Rome, Ga., for plaintiff.

Oscar M. Smith and Barry W. Graham, Smith, Shaw, Maddox, Davidson & Graham, J. S. Kilpatrick, Rome, Ga., Henry C. Tharpe, Jr., Kinney, Kemp, Pickell, Avrett, & Sponcler, Dalton, Ga., Albert H. Parnell, Freeman & Hawkins, Atlanta, Ga., for defendants.

## ORDER

MURPHY, District Judge.

This is an action seeking contribution from alleged joint tortfeasors. Plaintiff settled a claim arising out of a January 7, 1973, automobile accident and now seeks contribution from others involved in the collision. Jurisdiction is invoked based on diversity of citizenship of the parties. 28 U.S.C. § 1332.

Presently pending before the court are several motions. Defendants Lloyd D. Hagen, Rozell Appliances, Ltd., Grace Anderson, Roger G. Anderson and Elmer W. Reichell have moved to dismiss the complaint.

Defendant Willie V. Reid filed a brief in support of the other defendants' dismissal motions since he planned to move for dismissal on similar grounds. Defendants Grace Anderson, Roger G. Anderson and Willie V. Reid have also sought leave to amend their answers. Defendants Debbie K. Baker, Mrs. Virgil Shaw and William F. Mullinger have not submitted any pleadings.

The question which first presents itself is whether or not service of process was sufficient. None of the defendants are residents of Georgia. The plaintiff contends that service was sufficient, basing his claim on the Georgia Nonresident Motorist Act, Ga. Code § 68–801, et seq., as amended. The Act gives the State *in personam* jurisdiction over parties that use the highways of the State and become involved in an accident or collision. Ga. Code § 68–801. The plaintiff contends that this action for contribution grew out of an automobile accident and therefore the Nonresident Motorist Act is applicable.

The Nonresident Motorist Act is in derogation of the common law and must be strictly construed. *Aldrich v. Johns*, 93 Ga. App. 787, 92 S.E.2d 804 (1956). In *Aldrich*, the Georgia Court of Appeals refused to apply the Nonresident Motorist Act in a suit by a doctor to collect for emergency medical treatment rendered to employees of the nonresident defendant. Although the injuries were the result of an auto collision, the court found that the action to collect for the treatment did not "grow out of" the accident.

This action for contribution seems no more closely related to an auto accident than the doctor's suit in *Aldrich, supra*. An action to recover contribution is an independent action. *Register et al. v. Stone's Independent Oil Distributor, Inc., et al.*, 227 Ga. 123, 179 S.E.2d 68 (1971). As such, the Nonresident Motorist Act may not be used in order to acquire personal jurisdiction over the defendants.

Although the requirement of *in personam* jurisdiction may be waived, none of the

defendants have done so. Each of the defendants who submitted an answer to the complaint have objected to the service of process. Three of the defendants did not submit answers. Therefore, this Court lacks the requisite jurisdiction to hear the suit.

Accordingly, the Motions to Dismiss of the defendants are Granted. Further the three remaining defendants are also dismissed for lack of personal jurisdiction. The counterclaim and cross-claim filed by defendants Grace and Roger G. Anderson are also dismissed.

SO ORDERED, this the 10th day of February, 1978.