A89A1386. SMALL BUSINESS ADMINISTRATION et al.
v. DESAI et al.
(389 SE2d 372)

POPE, Judge.

The Small Business Administration and Fulton Federal Savings & Loan Association brought this appeal from the trial court's dismissal of an application to confirm a foreclosure sale on real property. The foreclosure sale was initiated by Fulton Federal, the mortgagee of the property. However, the application to confirm the sale was filed by the SBA which guaranteed the loan. The debtors moved to dismiss the application for confirmation because it was not filed by the foreclosing party as required by OCGA § 44-14-161. In response, the SBA and Fulton Federal moved to add Fulton Federal as a co-petitioner to

the application. The trial court denied the motion to add Fulton Federal and granted the debtors' motion to dismiss.

1. Pursuant to OCGA § 9-11-17 (a), no action should be dismissed on the ground that it is not prosecuted in the name of the real party in interest until reasonable time has been allowed to permit the real party in interest to be joined or substituted in the action. Here, the real party in interest made a timely motion to be added as a party to the application for confirmation in response to the motion to dismiss. Even though an application to confirm a foreclosure sale is a special statutory proceeding and not a "civil suit" in the ordinary meaning of that term (see *Wall v. Fed. Land Bank of Columbia*, 240 Ga. 236 (240 SE2d 76) (1977); *Jonesboro Investment Trust Assoc. v. Donnelly*, 141 Ga. App. 780 (234 SE2d 349) (1977)), we reject the debtors' argument that the Civil Practice Act does not apply to applications for confirmation. "[The Civil Practice Act] shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law; but, in any event, the provisions of [the Act] governing the sufficiency of pleadings, . . . joinder of parties and causes [and] making parties . . . shall apply to all such proceedings." OCGA § 9-11-81. The Civil Practice Act controls in an application to confirm a foreclosure sale and permits the adding of parties to the proceedings. An application should not be dismissed because additional parties are necessary for adjudication but additional parties may be added. *Southern Mut. Investment Corp. v. Thornton*, 131 Ga. App. 765 (4) (206 SE2d 846) (1974). The motion to add Fulton Federal as the proper party to bring the application should have been granted in this case.

We also reject the debtors' argument that the addition of Fulton Federal as an applicant does not relate back to the date the application was filed by the SBA because, having been filed by the wrong party, it was void *ab initio*. Pursuant to the Civil Practice Act, OCGA § 9-11-15 (c), the addition of parties to an application for confirmation relates back to the date of the original filing. An amendment to add Fulton Federal would be effective under the relation back rule even though the thirty-day period imposed by OCGA § 44-14-161 for reporting the sale and obtaining confirmation on it had expired by the time Fulton Federal moved to be added as a party. See *Horne v. Carswell*, 167 Ga. App. 229 (306 SE2d 94) (1983). *Goodman v. Vinson*, 142 Ga. App. 420 (236 SE2d 153) (1977), cited by the debtors in support of their argument that the addition of Fulton Federal after the thirty-day period for filing a report would not be effective, is distinguishable. In the case at hand, unlike the facts in *Goodman*, more than mere notice of an intent to seek a deficiency judgment was given to the debtors; a timely report of sale was, in fact, filed with the judge

even though not by the real party in interest. Consequently, the trial court erred in denying the motion to add Fulton Federal and in dismissing the application for confirmation.

2. Because we have already held that the trial court erred, we need not address the remaining enumeration of error.

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 22, 1989 —
REHEARING DENIED DECEMBER 7, 1989 — 

*Chambless, Higdon & Carson, Thomas F. Richardson, Marc T. Treadwell,* for appellants.

*Gambrell, Clarke, Anderson & Stolz, James L. Paul, Paul H. Anderson,* for appellees.