S93A0875. VLASS v. SECURITY PACIFIC NATIONAL BANK.
(430 SE2d 732)

CARLEY, Justice.

Pursuant to the power of sale in a security deed given by appellant-debtor, appellee-creditor conducted a non-judicial foreclosure sale of real property on October 6, 1992. On October 30, 1992, within the 30-day period mandated by OCGA § 44-14-161 (a), appellee reported the sale to the superior court for confirmation. On December 9, 1992, appellant was personally served with a copy of appellee's application for confirmation and with notice that the hearing was to be held on December 28, 1992. On December 23, 1992, appellant filed a challenge to the constitutionality of the statutory provisions regarding service in confirmation proceedings. After conducting the scheduled hearing, the superior court entered an order finding no merit in appellant's constitutional challenge and confirming appellee's sale of the property. It is from that order that appellant brings the instant appeal.

1. Appellant contends that service of appellee's application for confirmation in accordance with OCGA § 9-11-4 is a prerequisite to the initiation of a valid confirmation proceeding under OCGA § 44-14-161.

The provisions of the Civil Practice Act (CPA), of which OCGA § 9-11-4 is one, "shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict [t]herewith are expressly prescribed by law. . . ." OCGA § 9-11-81. OCGA § 44-14-161 does not expressly provide for service upon the debtor of the creditor's application for confirmation. OCGA § 44-14-161 (c) provides only that the superior court "shall direct that *a notice of the hearing* shall be given to the debtor at least five days prior thereto. . . ." (Emphasis supplied.) Since OCGA § 44-14-161 does not expressly provide to the contrary, it is appellant's contention that the CPA is applicable and that service upon the debtor of the creditor's application in accordance with OCGA § 9-11-4 is required.

The CPA "governs the procedure in all courts of record of this state in *all actions of a civil nature.* . . ." (Emphasis supplied.) OCGA § 9-11-1. "A *civil action* is commenced by filing a *complaint* with the court." (Emphasis supplied.) OCGA § 9-11-3. "Upon the filing of the *complaint* the clerk shall forthwith issue a summons and deliver it for service." (Emphasis supplied.) OCGA § 9-11-4 (a).

When service is to be made within this state, the person

making such service shall make the service within five days from the time of receiving the summons and *complaint*; but failure to make service within the five-day period will not invalidate a later service.

(Emphasis supplied.) OCGA § 9-11-4 (c). Thus, the debtor would be entitled to service of the creditor's application for confirmation in accordance with the CPA *if*, but only *if*, that application constitutes a "complaint" which initiates a "civil action" in the superior court.

It is clear, however, that an application for confirmation is *not* a "complaint" which initiates a "civil action" in the superior court. "Even though an application to confirm a foreclosure sale is a special statutory proceeding[, it is] not a 'civil suit' in the ordinary meaning of that term ([cits.]) . . . ." *Small Business Admin. v. Desai*, 193 Ga. App. 852, 853 (1) (389 SE2d 372) (1989). "[A] petition for confirmation of sale is not a 'suit' but merely an application to the judge of the superior court. [Cit.]" *Wammock v. Smith*, 143 Ga. App. 186, 187 (2) (237 SE2d 668) (1977). See also *Wall v. Fed. Land Bank of Columbia*, 240 Ga. 236, 237-238 (1) (240 SE2d 76) (1977) (holding "that the confirmation proceeding is not a case within the constitutional provisions establishing venue.") Indeed, entirely unlike a "civil action" which is initiated by the filing of a "complaint" with the clerk of the court, a confirmation proceeding can only be initiated by the creditor's report of the sale to the superior court judge. *Bentley v. North Ga. Prod. Credit Assn.*, 170 Ga. App. 361, 362 (1) (317 SE2d 339) (1984); *Goodman v. Vinson*, 142 Ga. App. 420 (236 SE2d 153) (1977); *Dukes v. Ralston Purina Co.*, 127 Ga. App. 696 (194 SE2d 630) (1972). The only purpose of the confirmation statute is to subject the creditor's potential deficiency claim "to the condition that the foreclosure sale under power be given judicial approval." *First Nat. Bank &c. Co. v. Kunes*, 230 Ga. 888, 890 (199 SE2d 776) (1973). The confirmation proceeding does not result in

a personal judgment and it does not adjudicate the title of the property sold. [Cits.] Except as to the confirmed amount of the sale, it does not establish the liability of any party with regards to the indebtedness.

*Harris & Tilley, Inc. v. First Nat. Bank of Cartersville*, 157 Ga. App. 88, 91 (5) (276 SE2d 137) (1981).

Since it is clear that an application for confirmation merely invokes the superior court's supervisory authority over non-judicial foreclosure sales under power and is not a "complaint" by which the creditor initiates a "civil action" against the debtor in the superior court, it necessarily follows that such an application need not be

served on the debtor in accordance with OCGA § 9-11-4. All that is statutorily required is that the debtor be personally served with notice of the hearing on the creditor's application at least five days prior thereto. See *Henry v. Hiwassee Land Co.*, 246 Ga. 87 (269 SE2d 2) (1980).

> [D]espite appellant's suggestion, there is no indication of a legislative intent to incorporate within the reporting provision [of OCGA § 44-14-161 (a)] the time requirement of the [CPA], OCGA § 9-11-4 (c), for service on the debtor within five days from the day the report is presented to the judge.

*Oviedo v. Conn. Nat. Bank*, 194 Ga. App. 626-627 (391 SE2d 417) (1990). See also *Phillips v. Conn. Nat. Bank*, 196 Ga. App. 477, 478 (1) (396 SE2d 538) (1990). Compare *Small Business Admin. v. Desai*, supra at 853 (1) (holding that, pursuant to the express language of OCGA § 9-11-81, the provisions of the CPA relating to joinder of parties are applicable in confirmation proceedings).

2. Appellant further contends that if, as we have held, the service requirements of OCGA § 9-11-4 are not applicable to an application for confirmation, then the provisions of OCGA § 44-14-161 regarding service are unconstitutional. Since, according to appellant, all other defendants in "civil actions" are entitled to service of the "complaint" in accordance with OCGA § 9-11-4, debtors in confirmation proceedings are denied equal protection insofar as OCGA § 44-14-161 (c) requires only service of notice of the hearing at least five days prior thereto.

For the reasons discussed in Div. 1, the premise upon which appellant bases his constitutional challenge to the service provisions of OCGA § 44-14-161 is erroneous. The debtor in a confirmation proceeding is *not* a defendant in a "civil action" which is initiated by the filing of a "complaint" with the clerk of the court. The debtor is merely a party to a special statutory proceeding in which the creditor has invoked the superior court's supervisory authority over non-judicial foreclosure sales under power. There is no equal protection violation where the legislature enacts statutes which "treat *different* classes of people in different ways." (Emphasis supplied.) *Bickford v. Nolen*, 240 Ga. 255, 256 (240 SE2d 24) (1977). The debtor in a confirmation proceeding is in an entirely different class from the defendant in a "civil action" in which OCGA § 9-11-4 would otherwise be applicable. OCGA § 44-14-161 is a debtor's relief statute and is in derogation of the creditor's common-law right to seek a deficiency judgment after nonjudicial foreclosure under power of sale. *First Nat. Bank &c. Co. v. Kunes*, supra. Having determined to create a procedure which otherwise limits the creditor's common-law right to seek a deficiency

judgment, the legislature was certainly authorized to determine that notice to the debtor at least five days before the hearing was otherwise adequate. " 'The legislature may classify litigation and adopt one type of procedure for one class and a different type for another.' [Cits.]" *Sellers v. Home Furnishing Co.*, 235 Ga. 831, 833 (222 SE2d 34) (1976). See also *State of Ga. v. Sanks*, 225 Ga. 88 (166 SE2d 19) (1969). In the instant case, appellant was given almost three week's notice through personal service of a copy of appellee's application for confirmation and notice of the date of the scheduled hearing thereon. Thus, appellant was actually given significantly more prior notice than was statutorily required and the superior court correctly found no merit in appellant's constitutional challenge to that notice.

*Judgment affirmed. All the Justices concur, except Sears-Collins, J., who concurs in the judgment only.*

DECIDED JUNE 21, 1993 —
RECONSIDERATION DENIED JULY 15, 1993.

*Glenville Haldi*, for appellant.
*Schreeder, Wheeler & Flint, Lawrence S. Burnat, Debra A. Wilson*, for appellee.