A93A1440. STEWART TITLE GUARANTY COMPANY
v. COBURN.
A93A1441. STEWART TITLE GUARANTY COMPANY
v. WILLARD.
(439 SE2d 69)

McMURRAY, Presiding Judge.

This is a suit on a note executed by defendant Coburn in favor of Great Western Mortgage Company in connection with Coburn's purchase of a certain house and lot. Defendant Coburn subsequently sold the real property to SYFTKOG, Inc., which via a contemporaneous closing or "flip" sold it to Northern. Northern financed his purchase of the property through Fulton Federal Savings & Loan Association, executing a note and security deed in favor of this lending institution.

In connection with the transfer of the property to Northern, plaintiff Stewart Title Guaranty Company issued a policy of title insurance assuring among other things the priority of Fulton Federal's security interest in the property. The Fulton Federal loan proceeds should have been applied in substantial part to pay the note executed by Coburn, however, the check sent to Great Western by the closing attorney was dishonored and the note remains unpaid. After receipt of the dishonored check and default upon its note, Great Western, which had also received from Coburn a deed to secure debt to the property, began advertising the property for foreclosure. Fulton Federal then submitted notice of these circumstances to plaintiff and demanded indemnity and protection of its security interest. Plaintiff filed an action in federal court against Fulton Federal seeking declaratory and injunctive relief. Afterwards, plaintiff and Fulton Federal entered into a written agreement pursuant to which plaintiff purchased the Coburn note and security deed from Great Western and then, by quitclaim deed, released its rights under the security deed thereby giving the Fulton Federal security deed first priority. Northern had defaulted on his loan from Fulton Federal and pursuant to the agreement with plaintiff, Fulton Federal foreclosed and sold the

property and the proceeds of the sale of the property were placed in an interest bearing escrow account pending settlement or resolution of the federal litigation.

Plaintiff was obligated under the agreement with Fulton Federal to pursue collection of the Coburn note. This action on the Coburn note was filed against Coburn and a second defendant. The second defendant, Willard, is alleged to be a partner with Coburn in a scheme to profit from the resale of the house.

Case No. A93A1440 is taken from the grant of summary judgment in favor of Coburn and the denial of plaintiff's motion for summary judgment against Coburn. Case No. A93A1441 is taken from the grant of summary judgment in favor of defendant Willard and against plaintiff. *Held*:

1. The state court determined that the plaintiff's claims are barred by its failure to comply with the requirements of the Georgia confirmation statute, OCGA § 44-14-161. In other words the state court held that the agreement between plaintiff and Fulton Federal evidences the existence of a cooperative enterprise and an election by them to foreclose on the collateral rather than proceed on the "Note," apparently referring to the note being sued on in this action, the Coburn note. The state court further holds that Fulton Federal's failure to confirm the foreclosure should be imputed to plaintiff and operates to bar plaintiff's attempts to recover on the note from defendant Coburn.

The state court's view of the facts fails to acknowledge the existence of the second note, that is, the note executed by Northern to Fulton Federal, or the fact that the only debt secured by the deed to secure debt which was foreclosed was the Northern note. This Court has previously held that if there are separate debts arising from separate contractual obligations, failure to confirm a foreclosure arising from one of the obligations does not bar an action on the separate obligation. *Murray v. Hasty*, 132 Ga. App. 125, 126 (1) (207 SE2d 602). The present action is not to recover a deficiency judgment on the debt secured by the deed to secure debt which was foreclosed, but to recover on an independent, separate, and, following the release of rights secured under the Coburn security deed, unsecured obligation. See also *Turner v. Commonwealth Mtg. Assurance Co.*, 207 Ga. App. 428, 429 (1) (428 SE2d 398); *Devin Lamplighter, Ltd. v. American Gen. Finance*, 206 Ga. App. 747 (1) (426 SE2d 645); *Clements v. Fleet Finance*, 206 Ga. App. 736 (426 SE2d 910); *Kennedy v. Trust Co. Bank of Gwinnett County*, 160 Ga. App. 733 (288 SE2d 87).

Arguments that the agreement between plaintiff and Fulton Federal amounts to an attempt to avoid the deficiency statute via the use of illusory forms such as in *Redman Indus. v. Tower Properties*, 517 FSupp. 144 (N. D. Ga.) are incorrect. In that case, the court found

that the suit in question resembled a deficiency judgment action in substance so that as a matter of public policy the debtor was entitled to the protection of the confirmation statute. In the case sub judice, there is no attempt by plaintiff, alone or in consort with Fulton Federal, to subject Coburn to double payment of his debt. Any loss suffered by Coburn arose from the actions of the closing attorney whose check was dishonored. And finally, it should be noted that the present action may not be construed to be a deficiency action since there has been no foreclosure and sale of any property owned by Coburn. Coburn willingly sold the real property involved in this case and was not involved with the foreclosure which occurred subsequently. The state court erred in granting summary judgment in favor of Coburn.

However, the state court did not err in denying plaintiff's motion for summary judgment against Coburn. Plaintiff's motion for summary judgment before the state court was directed to the whole case and there was no request for the grant of a partial summary judgment. On appeal, plaintiff seeks a partial summary judgment against Coburn on the liability issue but does not seek a final judgment. The issue which plaintiff now seeks to assert was not preserved by having been raised below. Under these circumstances the order denying plaintiff's motion for summary judgment against Coburn must be affirmed. *Butts v. Ga. Cas. &c. Co.*, 179 Ga. App. 819, 821 (348 SE2d 94).

2. The remaining issues concern the grant of summary judgment to defendant Willard. The evidence stated in the light most favorable to plaintiff, the party opposing the motion for summary judgment, shows that: Defendants Coburn and Willard formed a corporation, OBU Construction & Development, Inc., through which to conduct a home construction business. The corporation obtained a construction loan and built a house which had not been sold when the loan came due. In order to pay the construction loan which both had guaranteed and obtain permanent financing on the house until it sold, Coburn purchased the house and executed the loan from Great Western, including the note upon which this action is predicated. While the loan was executed in Coburn's name, Willard arranged for the loan. Willard filled out the loan application, paid the loan application fee, obtained and paid for an appraisal of the property, reviewed the closing documents and attended the closing. OBU Construction & Development, Inc., the jointly owned corporation reimbursed Coburn for the down payment he made in connection with the purchase of the house and made the two payments that were made on the Great Western Loan. After Coburn sold the house, Willard shared in the proceeds of the sale.

The question presented is whether Willard was a partner with Coburn in the purchase and sale of the house. The order granting

summary judgment in favor of Willard is explicitly predicated on the fact that Willard did not sign the Great Western note executed on behalf of Coburn and that there is nothing on the face of that note or associated documents which shows that it was executed on behalf of Willard. However, the absence of Willard's signature or an equivalent is not determinative of the question of whether he may be liable thereon since there is evidence that the note was executed in furtherance of the goals of a partnership between Coburn and Willard. Every partner is an agent of the partnership for the purpose of its business and an act of a partner which is not apparently for the carrying on of the business of the partnership binds the partnership when authorized by the other partners. OCGA § 14-8-9 (1, 2); *Shirley v. Couch*, 177 Ga. App. 436 (339 SE2d 648). See also *North Carolina Nat. Bank v. Wallens*, 31 N.C. App. 721 (230 SE2d 690). Since there is evidence that Coburn was acting on behalf of a partnership including Willard, and with Willard's actual knowledge and consent, in obtaining the loan from Great Western, Willard, as a partner, may be liable for that loan. Genuine issues of material fact remain for a trier of fact, therefore the state court erred in granting summary judgment in favor of defendant Willard.

*Judgment affirmed in part and reversed in part in Case No. A93A1440. Judgment reversed in Case No. A93A1441. Johnson and Blackburn, JJ., concur.*

DECIDED NOVEMBER 30, 1993 —
RECONSIDERATION DENIED DECEMBER 14, 1993 —

*Morris, Manning & Martin, Joseph R. Manning, Laura L. Tate, Frank W. Deborde*, for Stewart Title Guaranty Co.
*Bodker, Ramsey & Andrews, Stephen C. Andrews*, for Coburn.
*Aiken & Ward, Frederic S. Beloin*, for Willard.