## S94G0481. WILLARD v. STEWART TITLE GUARANTY COMPANY.

(448 SE2d 696)

BENHAM, Presiding Justice.

Appellee filed suit against appellant and Coburn, alleging that they were liable as partners on a note executed by Coburn individually. The trial court granted appellant's motion for summary judgment, holding that the note was not signed in a representative capacity. The Court of Appeals reversed, holding that since there was evidence that Coburn was acting on behalf of a partnership which included Willard, and that he was acting with Willard's actual knowledge and consent in obtaining the note, Willard could be liable and summary judgment was improper. *Stewart Title Guaranty Co. v. Coburn*, 211 Ga. App. 357 (2) (439 SE2d 69) (1993). We granted certiorari to consider the correctness of that ruling.

Assuming for the sake of argument that there was evidence that Coburn and Willard were partners rather than merely shareholders in a corporation,[1] the record on appeal does not support a conclusion that the note on which suit is based in this case was an undertaking on which Willard would be liable. The application for the loan, the note itself, and all the associated documents made no reference to any borrower other than Coburn. Nonetheless, the Court of Appeals held that evidence that "the note was executed in furtherance of the goals of a partnership between Coburn and Willard" would render appellant liable even in the absence of his signature on the note. In the context of a written instrument,[2] that is too broad a statement of the principles embodied in OCGA § 14-8-9 (1, 2).[3] The mere fact that the execution of the note would advance the goals of the business Coburn and appellant owned is not enough to extend liability on the note to Willard. Even if they were shown to be partners, § 14-8-9 would not, by its plain terms, extend liability on the note involved in this case to

---

[1] As the Court of Appeals correctly noted in its opinion, appellant and Coburn formed a corporation by means of which they operated a home construction business.

[2] *Shirley v. Couch*, 177 Ga. App. 436 (339 SE2d 648) (1986), cited by the Court of Appeals, is distinguishable in that it does not involve a written instrument signed in an individual capacity.

[3] 14-8-9. Agency of partners for partnership.

Subject to the provisions of Code Section 14-8-10.1:

(1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority;

(2) An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners in the partnership agreement, at the time of the transaction or at any other time[.]

Willard under subsection (1) unless the instrument were executed in the partnership name, or under subsection (2) unless Willard authorized being so bound.[4] However, the note was not executed in a partnership name and there is no evidence at all that Willard ever authorized Coburn to create a partnership liability in executing the note at issue. In the absence of such evidence, the general rule stated in OCGA § 11-3-401 (1) applies: "No person is liable on an instrument unless his signature appears thereon." We conclude, therefore, that the trial court was correct in granting summary judgment to appellant and the Court of Appeals erred in reversing that judgment.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 17, 1994.

*Rachelson & Beloin, Frederic S. Beloin,* for appellant.
*Morris, Manning & Martin, Joseph R. Manning, Frank W. DeBorde, Bodker, Ramsay & Andrews, Stephen C. Andrews,* for appellee.

---

[4] *North Carolina Nat. Bank v. Wallens,* 31 N.C. App. 721 (230 SE2d 690) (1976), cited by the Court of Appeals, is consistent with our holding in that the holding there was that the plaintiff would have to prove that the signing partner was acting on behalf of the partnership, a point on which the evidence in the present case is lacking.