A96A0322. HILL et al. v. MOYE et al.
(471 SE2d 910)

POPE, Presiding Judge.

Ben Moye and James Dennard (plaintiffs) sued Michael Hill and David Hayes (defendants) to recover a debt arising from a deficiency judgment obtained on a foreclosed tract of commercial property. The trial court granted partial summary judgment to plaintiffs, finding defendants liable as a matter of law. Defendants appeal, contending the trial court should have granted their motion and discharged them from any liability to plaintiffs. We agree and reverse.

Plaintiffs and defendants are parties in the chain of title to this property, which consists of three tracts of land in Valdosta. In 1979, Vivian Jones sold the property to plaintiffs and took back a note and security deed. The note called for 25 years of installment payments. When plaintiffs sold the property to defendants in 1983, defendants gave them a note for $7,300, took the property "subject to" the security deed between plaintiffs and Jones, and "assume[d] and agree[d] to pay" the original debt to Jones. It appears defendants did pay the required installments directly to Jones. Later, Hill obtained Hayes' interest, paid the $7,300 debt to plaintiffs, and sold the property to Benny Mitcham, with Mitcham taking "subject to" the Moye/Dennard-Jones security deed and assuming the same original debt.

In 1993, with the note in default, Jones foreclosed on the property and applied for confirmation, naming as defendants in the confirmation proceeding Moye and Dennard, the plaintiffs in this case. The trial court confirmed the sale, leaving a deficiency in an amount not clear from the record. Moye and Dennard "settled" the deficiency

by paying Jones $21,000, then brought this action to recover from defendants Hill and Hayes.

Defendants' sole contention is that because they did not receive legal notice of the confirmation action pursuant to the statute regulating deficiency judgments following foreclosure sales, OCGA § 44-14-161, plaintiffs cannot collect from them any amounts resulting from a deficiency judgment on this property. We agree. "Summary judgment is appropriate where the moving party shows he is entitled to judgment as a matter of law and there is no genuine issue of material fact. [Cit.]" *Devin Lamplighter, Ltd. v. American Gen. Finance*, 206 Ga. App. 747 (1), 748 (426 SE2d 645) (1992).

Pursuant to OCGA § 44-14-161, when the holder of a security deed sells the secured property and the property does not bring the amount of the debt, the creditor may seek a deficiency judgment only if the superior court confirms the property sold fairly. OCGA § 44-14-161 (a), (b). See *Guthrie v. Bank South*, 195 Ga. App. 123, 125 (3) (393 SE2d 60) (1990). But no confirmation is valid against a debtor who is not given at least five days legal notice of the confirmation hearing by personal service on the debtor. OCGA § 44-14-161 (c); *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296 (1), 298 (430 SE2d 732) (1993); *Henry v. Hiwassee Land Co.*, 246 Ga. 87, 88-89 (269 SE2d 2) (1980). Neither Hill nor Hayes was personally served with notice of the confirmation hearing.

1. Plaintiffs Moye and Dennard characterize this action as a suit by sureties who have paid a debt against the persons primarily responsible for the debt. See OCGA § 10-7-41. But however characterized, the action pending between these parties is a deficiency action contemplated by the statute. We have defined a "deficiency judgment" as a judgment for that part of a debt secured by a mortgage not realized from a sale of the mortgaged property. *Gentry v. Hibbler-Barnes Co.*, 113 Ga. App. 1 (2) (147 SE2d 31) (1966). Here, Jones sought from plaintiffs a deficiency judgment because the property they pledged did not bring at a foreclosure sale the amount of the debt owed. Plaintiffs now seek recovery from defendants because the same property, sold pursuant to the same deed, did not bring enough to cover the same debt. This second suit is not based on any independent, separate obligation. *First Nat. Bank &c. Co. v. Kunes*, 230 Ga. 888, 889 (199 SE2d 776) (1973); *C. K. C., Inc. v. Free*, 196 Ga. App. 280, 282-283 (2) (395 SE2d 666) (1990). Unlike the situation in *Stewart Title Guaranty Co. v. Coburn*, 211 Ga. App. 357, 358 (1) (439 SE2d 69) (1993), rev'd on other grounds, 264 Ga. 555 (448 SE2d 696) (1994), the only obligation defendants owed was this note secured by the foreclosed property.

The fact that neither plaintiffs nor defendants were in possession of the property at the time of foreclosure and confirmation does

not exclude this case from the purview of the deficiency statute; substance, not form, controls. See *Redman Indus. v. Tower Props.*, 517 FSupp. 144, 149 (N.D. Ga. 1981). The purpose of the deficiency statute is to "protect the debtor from being subjected to double payment in cases where the property was purchased for a sum less than its market value." (Punctuation omitted.) *First Nat. Bank &c. Co. v. Kunes*, 128 Ga. App. 565, 567 (5) (197 SE2d 446) (1973), aff'd, 230 Ga. 888, supra. Defendants, who assumed the same debt owed by plaintiffs and pledged the same property, are entitled to no less protection.

2. Defendants are "debtors" entitled to notice by personal service. "The statute, by using the word 'debtor,' included all who were presently subject to payment of the debt, or who might be subjected to payment thereof, if within the knowledge of the payee of the note." *Kunes*, 128 Ga. App. at 568 (5). The record shows defendants assumed the indebtedness to Jones and that she accepted payments on the debt from them. " 'When a grantee accepts a deed, he is bound by the covenants contained therein even though the deed has not been signed by him.' OCGA § 44-5-39. '(A) remote grantee who takes mortgaged real property by a deed in which he agrees to pay the debt is personally liable to the mortgagee. . . .' [Cit.]" *Carr v. Nodvin*, 178 Ga. App. 228, 233 (4) (342 SE2d 698) (1986); see *Somers v. Avant*, 244 Ga. 460, 461, n. 2 (261 SE2d 334) (1979). Just as plaintiffs remained sureties on the debt when they sold the property to defendants, the latter two remained liable for the debt despite the sale of the property to Mitcham. *Zellner v. Hall*, 210 Ga. 504 (3), 505 (80 SE2d 787) (1954); see Pindar, Ga. Real Estate Law & Proc. (3rd ed.), p. 326, § 21-50. Because defendants were responsible on the underlying debt, they were "debtors" within the meaning of this Code section. Compare *Commercial Exchange Bank v. Johnson*, 197 Ga. App. 529, 530 (1) (398 SE2d 817) (1990), in which the surety's liability was limited to the property itself.

Plaintiffs argue defendants were not debtors because they did not meet the definition of debtor found in OCGA § 44-14-162.1. But that section, by its own language, does not apply to § 44-14-161. See *Ray v. Atkins*, 205 Ga. App. 85, 88 (2) (421 SE2d 317) (1992).

Finding the deficiency statute inapplicable in this situation would create an absurd result. See *Kunes*, 128 Ga. App. at 567 (5). In this case, for example, because Jones never served the current owner of the property, Mitcham, with notice of the confirmation hearing, she would clearly be prohibited from obtaining a deficiency judgment against Mitcham. But under plaintiffs' analysis, defendants, as Mitcham's sureties, could have paid plaintiffs and then sued to recover the deficiency from Mitcham even without a judicial confir-

mation.[1] In that scenario, Mitcham could lose both property and personal assets in contravention of the statute's intent.

Had plaintiffs sought to ensure any deficiency judgment against them would be enforceable against defendants, they could have moved to join them as defendants in the confirmation action and could have ensured they were properly served with notice of the confirmation hearing. *Small Business Admin. v. Desai*, 193 Ga. App. 852, 853 (1) (389 SE2d 372) (1989). Because they did not, they may not circumvent the statute to impose liability on defendants. The trial court erred by denying defendants' motion for summary judgment.

*Judgment reversed. Andrews and Smith, JJ., concur.*

DECIDED MAY 14, 1996 — ▮▮▮▮▮▮▮▮▮▮▮

*Barham, Dover, Bennett, Miller, Sherwood & Stone, John R. Bennett, William W. Broadfoot III*, for appellants.

*Tillman, McTier, Coleman, Talley, Newbern & Kurrie, Thompson Kurrie, Jr., William E. Holland*, for appellees.

---

[1] In fact, in this action defendants served a third-party complaint on Mitcham, but he apparently declared bankruptcy.