A11A1319. 129 ACRES, INC. et al. v. ATLANTA BUSINESS BANK.

(716 SE2d 536)

ANDREWS, Judge.

Atlanta Business Bank held a promissory note and a deed to secure debt given by 129 Acres, Inc. and guaranteed by Greg Shoops and R. Chris Belans (collectively, "defendants"). After defendants defaulted, the bank exercised the power granted in the deed to conduct a foreclosure sale of the real property, and thereafter filed an action to confirm the foreclosure in the Paulding County Superior Court pursuant to OCGA § 44-14-161. The trial court confirmed the sale, holding that defendants were properly served with notice, that the foreclosure sale was lawfully conducted, and that the property sold for at least its fair market value. On appeal from the confirmation order, defendants argue the trial court should have dismissed the confirmation action because the bank did not properly report the

sale to the court in that Shoops and Belans were not listed personally in the initial report filed with the court. We disagree and affirm.

The record shows that the bank loaned defendants $4,922,000 on security of roughly 129 acres of subject property on November 29, 2006. The bank initiated foreclosure proceedings after defendants defaulted. The property was sold to Atlanta Business Bank for $2,850,000. The bank then filed an application for confirmation of sale under power pursuant to OCGA § 44-14-161, reporting the foreclosure sale to the court and naming 129 Acres as the only respondent. The bank later moved to add Shoops and Belans as parties to the confirmation proceedings, which motion was granted.[1] Following court-authorized service by publication on Shoops and Belans and service on the Secretary of State for 129 Acres, the court confirmed the foreclosure sale as to all three defendants.

The relevant part of Georgia's confirmation statute provides:

> When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, *no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located* for confirmation and approval and shall obtain an order of confirmation and approval thereon.

OCGA § 44-14-161 (a) (emphasis supplied). "[OCGA § 44-14-161] is in derogation of common law and must be strictly construed." *Bentley v. North Ga. Production Credit Assn.*, 170 Ga. App. 361 (317 SE2d 339) (1984).

Given that we must construe the confirmation statute strictly, we cannot infer any requirement that debtors must be personally named in the report of sale given to the superior court judge of the county in which the land is located. We have not held that subsection (a) of the confirmation statute imposes a requirement that all guarantors must be named personally in the foreclosure report filed with the superior court. The requirements of subsection (a) are intended to give notice to the court, rather than the debtors. *Bridges v. CB&T Bank of Middle Ga.*, 306 Ga. App. 277, 278 (701 SE2d 898)

---

[1] See OCGA § 9-11-21 (concerning joinder of parties); *Small Business Admin. v. Desai*, 193 Ga. App. 852, 853 (1) (389 SE2d 372) (1989) (motion to join proper party should have been granted because the Civil Practice Act applies to confirmation proceedings).

(2010) ("The thirty-day report to the judge is not intended to give notice to the debtor."). Additionally, courts have not traditionally been strict when considering subsection (a) reporting requirements. See *Hernandez v. Resolution Trust Corp.*, 210 Ga. App. 538 (1) (436 SE2d 534) (1993) (foreclosure report was properly made to superior court judge, though not to specific judge to whom case assigned); *Flat Shoals Land Holding, LLC v. Decatur First Bank*, 307 Ga. App. 536, 538 (705 SE2d 311) (2011) (bank's delivery of file-stamped copy of petition seeking confirmation of nonjudicial sale of property to reception desk on floor where judge's office was located complied with the statutory reporting requirement, even though it was not presented to the judge personally, where the petition was presented in a manner authorized by the judge).

Defendants cite *Ameribank, N.A. v. Quattlebaum*, 269 Ga. 857 (505 SE2d 476) (1998), in arguing that notice was insufficient here. It is true that the *Ameribank* court held a confirmation improper because notice was not sufficient under OCGA § 44-14-161 (c) and because a guarantor was not named personally as a party to the confirmation proceeding. *Ameribank*, 269 Ga. at 860. But the issue in *Ameribank* was "the necessity to name the debtor in the application for confirmation and the source of notice contemplated by OCGA § 44-14-161 (c)" rather than a party's reporting requirements to the court under OCGA § 44-14-161 (a). Id. at 859.

These defendants do not argue that they were given improper notice, that they were improperly served, or that they were not named as parties to the confirmation proceeding as required under the confirmation statute and *Ameribank*. The sales price was declared to be at least fair market value, and Shoops and Belans were made parties to the confirmation proceeding and were properly served with notice of the confirmation hearing more than five days before the hearings were held. Atlanta Business Bank also properly, "within 30 days after the [foreclosure] sale, report[ed] the sale to the judge of the superior court of the county in which the land is located" as required under OCGA § 44-14-161 (a). We therefore affirm the trial court's confirmation of the sale.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED AUGUST 23, 2011.

*Schreeder, Wheeler & Flint, John A. Christy, King & Spalding, Philip R. Green*, for appellants.

*Ana M. Rountree*, for appellee.