**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**September 13, 2012**

# In the Court of Appeals of Georgia

A12A0900.  SUMMIT  INVESTMENT  MANAGEMENT
ACQUISITIONS  I,  LLC  v.  GREG  A.  BECKER
ENTERPRISES LTD et al.

BOGGS, Judge.

In the second appearance of these parties before this court, Summit Investment

Management Acquisitions I, LLC ("Summit") appeals from the trial court's order

dismissing its request for confirmation of a second foreclosure sale of property owned

by Greg A. Becker Enterprises, Ltd., Greg A. Becker, Granite Mountain Motor

Sports, Inc., LKB Enterprises, Inc., and Stone Mountain Motor Sports, Inc.

(collectively "Becker"). It contends that the trial court erred by concluding that a

supersedeas  arose  from  Becker's  appeal  of  the  trial  court's  order  denying

confirmation of its first foreclosure sale and requiring a second sale of the subject

property. See *Greg A. Becker Enterprises v. Summit Investment Management*

*Acquisitions I, LLC*, 314 Ga. App. 721 (725 SE2d 841) (2012) ("*Summit I*"). For the reasons explained below, we agree and reverse.

"We review the trial court's ruling on a motion to dismiss under the de novo standard of review." (Citations and punctuation omitted.) *Durrah v. State Farm Fire & Cas. Co.*, 312 Ga. App. 49 (717 SE2d 554) (2011). As explained in *Summit I,*

> The [first] foreclosure sale occurred on August 3, 2010. There were no other bidders at the foreclosure sale, and the property was knocked down and sold to Summit for $1.1 million. Since the foreclosure sale did not bring the amount of debt owed,[1] on September 1, 2010, Summit timely filed an application for confirmation and reported the sale to the trial court pursuant to OCGA § 44-14-161 (a).
>
> . . . .
>
> Following the hearing, the trial court entered a detailed final order with findings of fact and conclusions of law. The trial court specifically found that the testimony of Becker's appraiser was more reasonable and credible than that of Summit's appraisers. The trial court cited the failure of Summit's appraisers to gain access inside the property in the performance of their valuation, but further determined that the failure did not establish a lack of good faith. The trial court found that Summit's lack of access was caused by the contentious relationship between the parties. In light of the disparity between the appraisal

---

[1] The balance owed was $3,403,964.92. *Summit I*, supra, 314 Ga. App. at 722.

valuations, and its determination that the $1.425 million valuation of Becker's appraisal was more credible, the trial court found that the property failed to sell for its true market value at the foreclosure sale. The trial court therefore denied confirmation of the foreclosure sale and concluded that good cause had been shown to order a resale of the property in accordance with OCGA § 44-14-161 (c).

314 Ga. App. at 722-723. This order was entered on March 8, 2011. Despite prevailing on the valuation issue and succeeding in obtaining a court order denying Summit's first confirmation action, Becker appealed on March 21, 2011, contending "that the trial court (1) abused its discretion in ordering a resale, (2) applied an incorrect legal standard in reaching it decision, and (3) erred in denying the post-hearing motion to reopen the evidence." *Summit I*, supra.

In reliance on the trial court's order of March 8, 2011 denying confirmation and ordering a resale of the property, Summit conducted a second foreclosure sale of the property on May 3, 2011, resulting in a sale to Summit for $2 million. On June 1, 2011, Summit applied to the trial court for confirmation of the second foreclosure sale. Becker moved to dismiss the second application for confirmation, contending that its notice of appeal and the payment of costs in its first confirmation appeal

3

created a supersedeas that prevented the superior court from confirming the second foreclosure sale of the property.

After hearing argument by counsel in a telephone conference, the trial court issued a written order on November 9, 2011 dismissing Summit's second confirmation application based on its conclusion that a supersedeas arose under OCGA § 5-6-46 (a). Summit filed a timely notice of appeal to this court. On March 12, 2012, while Summit's appeal was pending, this court affirmed the trial court's decision in Becker's appeal from the order denying confirmation and allowing a resale. *Summit I*, supra.

Summit contends in the appeal now before us that the trial court erred by dismissing its second request for confirmation because a supersedeas cannot be created under OCGA § 5-6-46 (a) unless all trial court costs are paid. See *Lunsford v. DeKalb Medical Center*, 263 Ga. App. 394, 395 (587 SE2d 859) (2003) (trial court retained jurisdiction after notice of appeal filed because all trial court costs had not been paid); *Lott v. Arrington & Hollowell PC*, 258 Ga. App. 51, 54 (2) (a) (572 SE2d 664) (2002) (no supersedeas created because record showed $88 trial court fee had not been paid). Based upon evidence showing all trial court costs were not paid, Summit argues that no supersedeas was created. While this issue is arguably moot

4

based upon our decision to affirm the trial court in *Summit I*, supra, we will nonetheless address whether the provisions of OCGA § 5-6-46 (a) subjected Summit's second confirmation request under OCGA § 44-14-161 (c) to dismissal.[2]

First, we must keep in mind that "[a] petition for confirmation of a sale is not a 'suit' but merely an application to the judge of the superior court" in which no judgment is entered against the debtor and no title to land is determined. (Citations and punctuation omitted.) *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296, 297 (1) (430 SE2d 732) (1993) (merely an application to superior court); *Wall v. Fed. Land Bank*, 240 Ga. 236, 237 (1) (240 SE2d 76) (1977) (no judgment or adjudication of title results from foreclosure confirmation). Indeed, the Supreme Court of Georgia has expressly held that "an application for confirmation is *not* a 'complaint' which initiates a 'civil action' in the superior court. Even though an application to confirm a foreclosure sale is a special statutory proceeding, it is not a civil suit in the ordinary meaning of the term." (Citations and punctuation omitted; emphasis in original.) *Vlass*, supra, 263 Ga. at 297. Instead, "[t]he only purpose of the confirmation statute

---

[2] "[I]f an issue is capable of repetition yet evades review, we do not view that issue as moot. This is true for those matters in which there is intrinsically insufficient time to obtain judicial relief for a claim common to an existing class of sufferers." (Citation, punctuation and footnote omitted.) *Birchby v. Carboy*, 311 Ga. App. 538, 540 (2) (716 SE2d 592) (2011).

is to subject the creditor's potential deficiency claim to the condition that the foreclosure sale under power be given judicial approval." (Citation and punctuation omitted.) Id.

OCGA § 5-6-46 (a), on the other hand, provides: "*In civil cases*, the notice of appeal filed as provided in Code Sections 5-6-37 and 5-6-38 shall serve as supersedeas upon payment of all costs in the trial court by the appellant and it shall not be necessary that a supersedeas bond or other form of security be filed." (Emphasis supplied.) Thus, by its express terms, this statute applies only to "civil cases," not foreclosure confirmation proceedings under OCGA § 44-14-161 (a). As a result, the trial court erred by dismissing Summit's second confirmation action based upon the authority of OCGA § 5-6-46 (a).

*Judgment reversed. Doyle, P. J. and Andrews, J., concur.*