**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**October 10, 2013**

# In the Court of Appeals of Georgia

A13A1530. RAMCHANDANI et al. v. STATE BANK AND TRUST COMPANY.

ELLINGTON, Presiding Judge.

State Bank and Trust Company ("SB&T") sought a deficiency judgment in the Superior Court of Fulton County against Deepak Ramchandani, Chandan Seernani, and others, after SB&T conducted a non-judicial foreclosure sale of certain Forsyth County property and successfully petitioned the Superior Court of Forsyth County for confirmation of the sale. Ramchandani and Seernani ("the appellants") appeal from the Fulton County court's grant of summary judgment to SB&T in the deficiency judgment action. They contend that the court erred in concluding that it did not have jurisdiction to consider their collateral attacks on the Forsyth County foreclosure confirmation order and, as a result of that conclusion, in failing to consider their

claims that they were not properly served with notice of the confirmation hearing. Finding no error, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant." (Citations and punctuation omitted.) *White v. Ga. Power Co.*, 265 Ga. App. 664, 664-665 (595 SE2d 353) (2004). So viewed, the record shows the following undisputed facts.

In October 2009, Forsyth Community Bank, the predecessor in interest to SB&T,[1] made a commercial loan of approximately $1.6 million to Nexgen Cumming, LLC; the loan was secured by, inter alia, real property located in Forsyth County and personal and unconditional guaranties executed by the appellants and others. After the loan went into default, SB&T conducted a foreclosure sale of the property securing the loan and submitted the winning bid of $1.17 million. Because the foreclosure sale did not bring the full amount of the secured debt, SB&T filed a

---

[1] In June 2010, SB&T acquired the assets of Forsyth Community Bank, including the note, security deed, guaranties, and other loan documents at issue in this case.

2

confirmation action in Forsyth County, pursuant to OCGA § 44-14-161.[2] Following a hearing, the Superior Court of Forsyth County found that SB&T had satisfied its evidentiary burden under OCGA § 44-14-161, and issued an order confirming the

[2] Under OCGA § 44-14-161,

(a) When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

(b) The court shall require evidence to show the true market value of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale.

(c) The court shall direct that a notice of the hearing shall be given to the debtor at least five days prior thereto; and at the hearing the court shall also pass upon the legality of the notice, advertisement, and regularity of the sale. The court may order a resale of the property for good cause shown.

3

sale.[3] In its confirmation order, the court stated that "it appear[s] from the record that all Respondents were properly served" with notice of the confirmation proceeding. SB&T then filed the instant suit in the Superior Court of Fulton County against Nexgen, the appellants, and others, seeking a deficiency judgment,[4] plus accrued interest, late charges, attorney fees, and other expenses.

In their answer, the appellants asserted that SB&T was barred from asserting a deficiency action against them because they had not been properly served with notice of the Forsyth County confirmation hearing, pursuant to OCGA § 44-14-161 (c). During a hearing on the parties' cross-motions for summary judgment, the appellants argued that the Superior Court of Forsyth County lacked personal jurisdiction over them in the confirmation action because they had been served with notice of the hearing by publication in Forsyth County, instead of being personally served in Fulton County, where they resided. They contended that, as a result, the

---

[3] The appellants herein did not appear at the confirmation hearing and did not join their co-defendants in the latters' appeal from the confirmation order. See *Nexgen Cumming, LLC v. State Bank & Trust Co.*, 313 Ga. App. 715 (722 SE2d 428) (2012) (affirming the confirmation order).

[4] A deficiency judgment is defined as "a judgment for that part of a debt secured by a mortgage not realized from a sale of the mortgaged property." (Citation omitted.) *Hill v. Moye*, 221 Ga. App. 411, 412 (1) (471 SE2d 910) (1996).

confirmation order was invalid as to them and could not be used against them in the deficiency action.

Following the hearing, the Fulton County court ruled that it lacked subject matter jurisdiction to consider the appellants' collateral attack against the Forsyth County confirmation order; that, in order to challenge the Forsyth County court's personal jurisdiction over them, the appellants were required to either file an appeal to this Court from the confirmation order or file a motion to set aside the confirmation order in Forsyth County, pursuant to OCGA § 9-11-60 (d)[5]; and that, because they had failed to do so, they were bound by the confirmation order.[6] The court then

---

[5] See OCGA § 9-11-60 (a) ("A judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods prescribed in this Code section."); (d) (1) ("A motion to set aside may be brought to set aside a judgment based upon . . . [l]ack of jurisdiction over the person or the subject matter[.]").

[6] See *Camera Shop v. GAF Corp.*, 130 Ga. App. 88, 90 (202 SE2d 241) (1973) (A judgment that is not void on its face is valid until it is set aside.); see also *State Auto Mut. Ins. Co. v. Relocation &c. Svcs.*, 287 Ga. App. 575, 577 (1) (651 SE2d 829) (2007) ("Every presumption will be indulged in favor of the validity of a judgment rendered by a court having jurisdiction of the subject matter and the parties; and until set aside in a manner prescribed by law, such judgment will be given effect.") (footnote omitted).

granted summary judgment to SB&T and awarded it a deficiency judgment in the principal amount of $460,081, plus interest and attorney fees.[7]

1. The appellants contend that the trial court erred in concluding that it lacked jurisdiction to consider their collateral attacks on the confirmation order. Specifically, they argue that the Civil Practice Act[8] does not apply to confirmation proceedings and, therefore, they were not required to file a motion to set aside the confirmation order under OCGA § 9-11-60 (d).

This Court has previously ruled, however, that, "[e]ven though an application to confirm a foreclosure sale is a special statutory proceeding and not a 'civil suit' in the ordinary meaning of that term, we reject the debtors' argument that the Civil Practice Act does not apply to applications for confirmation." (Citations omitted.) *Small Bus. Admin. v. Desai*, 193 Ga. App. 852, 853 (1) (389 SE2d 372) (1989). In fact, OCGA § 9-11-81 specifically provides that the Civil Practice Act

> shall apply to *all special statutory proceedings* except to the extent that specific rules of practice and procedure *in conflict* herewith are expressly prescribed by law; but, *in any event, the provisions of this*

---

[7] The trial court did not rule upon cross-claims filed by the appellants against their co-defendants in the deficiency judgment action.

[8] Chapter 11 of Title 9 of the Georgia Code is entitled the "Civil Practice Act."

*chapter governing* the sufficiency of pleadings, defenses, amendments, counterclaims, cross-claims, third-party practice, joinder of parties and causes, making parties, discovery and depositions, interpleader, intervention, evidence, *motions*, summary judgment, *relief from judgments*, and the effect of judgments *shall apply to all such proceedings*.

(Emphasis supplied.) Thus, under the unambiguous language of OCGA § 9-11-81, the provisions of OCGA § 9-11-60 (which is entitled "Relief from judgments") apply to foreclosure confirmation proceedings. See *Alliance Partners v. Harris Trust & Sav. Bank*, 266 Ga. 514, 515 (2) (467 SE2d 531) (1996) (holding that, under OCGA § 9-11-81, the discovery provisions of the Civil Practice Act apply to a confirmation proceeding following a non-judicial foreclosure sale because it is a special statutory proceeding and no statute establishes a contrary rule of discovery); *Small Bus. Admin. v. Desai*, 193 Ga. App. at 853 (1) (holding that, under OCGA § 9-11-81, the Civil Practice Act's provisions on relation back, OCGA § 9-11-15 (c), and real party in interest, OCGA § 9-11-17 (a), apply to foreclosure confirmation proceedings).[9]

---

[9] See also *129 Acres, Inc. v. Atlanta Bus. Bank*, 311 Ga. App. 462, 463, n. 1 (716 SE2d 536) (2011) (holding that the Civil Practice Act's statute on misjoinder and nonjoinder of parties, OCGA § 9-11-21, applies to foreclosure confirmation proceedings); cf. *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296, 297-298 (1) (430 SE2d 732) (1993) (holding that the Civil Practice Act's requirements for service of

Moreover, under OCGA § 9-11-54 (a), the term "judgment," as used in the Civil Practice Act, "includes a decree and any order from which an appeal lies." A foreclosure confirmation order "is final and conclusive to the same extent as any other adjudication by a court of competent jurisdiction." (Citation omitted.) *Whitaker v. Trust Co. of Columbus*, 167 Ga. App. 360, 362 (2) (306 SE2d 329) (1983).[10] In addition, an order confirming a non-judicial foreclosure is a final order that is directly appealable, pursuant to OCGA § 5-6-34 (a) (1).[11]

Finally, a party may attack a judgment by a motion to set aside under OCGA § 9-11-60 (d) "*only in the court of rendition*." (Emphasis supplied.) OCGA § 9-11-60 (b). Consequently, the Superior Court of Fulton County was not authorized to set

---

a "complaint" under OCGA § 9-11-4 do not apply to confirmation proceedings because no complaint is filed in such proceedings).

[10] See generally *Bay Meadow Corp. v. Hart*, 276 Ga. App. 133, 134 (1) (622 SE2d 478) (2005) ("A judgment is final when it disposes of the entire controversy, leaving nothing for the trial court to do in the case. The effect of a judicial act and not the trial court's characterization of it determines whether it is a final judgment.") (punctuation and footnote omitted).

[11] See, e.g., *Alliance Partners v. Harris Trust & Sav. Bank*, 266 Ga. at 514; *Vlass v. Security Pacific Nat. Bank*, 263 Ga. at 296; *WCI Properties v. Community & Southern Bank*, 320 Ga. App. 671 (740 SE2d 686) (2013); *HWA Properties v. Community & Southern Bank*, 320 Ga. App. 334 (739 SE2d 770) (2013); *129 Acres, Inc. v. Atlanta Bus. Bank*, 311 Ga. App. at 462.

aside the confirmation order which the Superior Court of Forsyth County had issued. *State Auto Mut. Ins. Co. v. Relocation &c. Svcs.*, 287 Ga. App. 575, 577-578 (3) (651 SE2d 829) (2007) ("[A] trial court lacks jurisdiction over an action which attempts to collaterally attack a prior judgment (which was not void on its face) in a court other than the one in which it was rendered.") (citation omitted).[12]

The appellants rely upon two cases, *Hill v. Moye*, 221 Ga. App. 411 (471 SE2d 910) (1996), and *First Nat. Bank & Trust Co. v. Kunes*, 128 Ga. App. 565 (197 SE2d 446) (1973), for their argument that they were authorized to challenge the validity of the confirmation order during the confirmation proceedings and were not required to file a motion to set aside the order in the Forsyth County court. The relevant facts of those cases, however, are distinguishable from the instant case. The creditors seeking confirmation orders in *Hill* and *Kunes* did not name the debtors as defendants in their

---

[12] See *Loveless v. Conner*, 254 Ga. 663, 664 (333 SE2d 586) (1985) (The superior court did not have the authority to set aside a judgment of the state court of the same county, on the ground that notice of the trial date was legally insufficient, because the superior court was not the court of rendition.); *Utica Mut. Ins. Co. v. Mitchell*, 227 Ga. App. 830, 832 (490 SE2d 489) (1997) (A superior court did not have jurisdiction to set aside an order of the probate court dismissing a guardian where the probate court judgment was not void on its face.); *Moseley v. Interfinancial Mgmt. Co.*, 224 Ga. App. 80, 83 (1) (479 SE2d 427) (1996) (A superior court lacked jurisdiction to vacate or set aside an order of the state court that was not void on its face.).

confirmation petitions. *Hill v. Moye*, 221 Ga. App. at 411; *First Nat. Bank & Trust Co. v. Kunes*, 128 Ga. App. at 566 (3). As a result, the debtors were authorized to defend themselves from any liability arising from a deficiency judgment by asserting that they were not bound by the underlying confirmation orders.[13] *Hill v. Moye*, 221 Ga. App. at 412; *First Nat. Bank & Trust Co. v. Kunes*, 128 Ga. App. at 566 (3), 569 (6). The reason the debtors were allowed to assert such a defense in those deficiency actions is simple: because the debtors had not been named as parties in the confirmation action, they lacked standing to move to set aside the confirmation orders under OCGA § 9-11-60 (d), or to appeal the orders.[14] Because those avenues were unavailable to them, they were authorized to collaterally challenge the validity of the

---

[13] See *Peek v. Southern Guar. Ins. Co.*, 240 Ga. 498, 499 (1) (241 SE2d 210) (1978) ("[A] judgment is not binding on persons who are neither parties nor privies to it[.]") (citations omitted).

[14] See *Rice v. Champion Bldgs.*, 288 Ga. App. 597, 601 (3) (654 SE2d 390) (2007) (As non-parties to the underlying case, the owners of a corporation lacked standing to appeal a default judgment against the corporation.); *Coffield v. Kuperman*, 269 Ga. App. 432 (604 SE2d 288) (2004) ("[O]nly a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention and has been denied the right to do so.") (citation and punctuation omitted); *Peek v. Southern Guar. Ins. Co.*, 142 Ga. App. 671, 672 (1) (236 SE2d 767) (1977) (Only the person against whom a judgment is rendered has standing to bring a motion to set aside a judgment under subsection (d) of OCGA § 9-11-60.), rev'd on other grounds, 240 Ga. 498 (241 SE2d 210) (1978).

10

underlying confirmation orders as to them during the deficiency actions. Such unusual circumstances are not presented in the instant case.

Accordingly, we conclude that, in order to challenge the validity of the confirmation order in this case, the appellants were required to file a motion to set aside the judgment in the Superior Court of Forsyth County, pursuant to OCGA § 9-11-60 (b) and (d). See *Pine Grove Builders v. SunTrust Bank*, 307 Ga. App. 764, 765-766 (1) (706 SE2d 129) (2011)[15]; see also *Rogers v. Fidelity Fed. Sav. & Loan Assn.*,

---

[15] In *Pine Grove Builders*, a debtor filed an appeal to this Court from a foreclosure confirmation order, contending that the issuing court lacked personal jurisdiction over him because he was not served with notice of the hearing, pursuant to OCGA § 44-14-161 (c). *Pine Grove Builders v. SunTrust Bank*, 307 Ga. App. at 765-766 (1). This Court concluded that the debtor did not waive his objection to the lack of notice by filing the appeal, holding that, even if he

> had actual notice or knowledge of the confirmation hearing, in the absence of notice complying with OCGA § 44-14-161 (c), he could elect to make no appearance without waiving the lack of statutory notice. . . . Without waiving the notice issue or consenting to the court's jurisdiction, [the debtor] *could have moved to set aside the confirmation order for lack of notice and then appealed from a denial of the motion.* [He] was also entitled without waiving notice or consenting to jurisdiction to appeal directly to this Court on the notice issue without filing a motion to set aside the order.

(Citations omitted; emphasis supplied.) Id.

11

180 Ga. App. 330, 331 (349 SE2d 7) (1986) (The debtors successfully moved to set aside a confirmation order based on the creditor's failure to serve them with notice of the confirmation hearing as required by OCGA § 44-14-161 (c).). It follows that the trial court did not err in concluding that it lacked jurisdiction to consider the appellants' collateral attack on the confirmation order during the proceedings on the deficiency action.

2. In the alternative, the appellants contend that, even if OCGA § 9-11-60 does apply to confirmation proceedings, the confirmation order in this case is "void on its face" because they were not properly served with notice of the confirmation hearing. They argue, therefore, that they can challenge the validity of the order at any time in any court, pursuant to OCGA § 9-11-60 (a).[16] There is no merit to this argument.

First, it is undisputed that SB&T served the appellants with notice of the confirmation hearing by publication after it obtained an order allowing such service from the Forsyth County court. Even so, the appellants argue that this did not constitute proper service because SB&T failed to exercise the due diligence required before service by publication is authorized under OCGA § 9-11-4 (f) (1). As we have

---

[16] See footnote 5, supra.

12

previously noted,[17] however, the Supreme Court of Georgia has specifically ruled that the requirements for service under OCGA § 9-11-4 *do not apply* to foreclosure confirmation proceedings. See *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296, 297-298 (1) (430 SE2d 732) (1993). Ironically, the appellants specifically rely on the *Vlass* ruling in the portion of their brief in which they argue that none of the provisions of the Civil Practice Act apply to confirmation proceedings (an argument we have rejected in Division 1, supra).

Second, SB&T's alleged failure to properly serve the appellants with notice of the confirmation hearing is not evident on the face of the confirmation order. On the contrary, in the confirmation order, the Forsyth County court stated that it appeared "from the record" that the appellants had been "properly served." Thus, although the appellants argue on appeal that an alleged lack of proper service of the confirmation hearing notice makes the confirmation order "void on its face," they are, in reality, arguing that the Forsyth County court *erred* in finding that they had been properly served,[18] and they are unable to show that this finding is erroneous without presenting

---

[17] See footnote 9, supra.

[18] See *Rose v. Household Finance Corp.*, 316 Ga. App. 282, 285-286 (2) (728 SE2d 879) (2012) (Although the appellant characterized an order granting summary judgment as "void," he was actually asserting that the order was invalid based upon

some evidence to disprove it. In fact, they admit this in their brief, arguing that the Forsyth County court erred in finding that they had been properly served because "*the [r]ecord evidence*" shows that "the address at which [SB&T originally] tried to serve [them] is a Shell gasoline station" in Cumming, Georgia; that neither of them resided at that address but, instead, resided in homes in Fulton County; that SB&T failed to do "a scintilla of research" on the internet or of any county tax records to determine whether they resided at the address occupied by the gas station and, if not, where they did reside; and that SB&T had Ramshandani's phone number and could have called him regarding service of the confirmation hearing notice. (Emphasis supplied.) They argue that, as a result, "the [r]ecord evidence does not demonstrate [that SB&T] made any 'diligent and honest efforts' to locate and personally serve [them] prior to moving to serve them by publication." (Emphasis supplied.)

Accordingly, we reject the appellants' argument that the confirmation order was "void on its face" and that, as a result, they could collaterally challenge it in the deficiency action pursuant to OCGA § 9-11-60 (a).

---

an *erroneous ruling* by the trial court, specifically, that it ruled on the merits of the motion for summary judgment without first conducting an evidentiary hearing. Consequently, he could not collaterally attack the summary judgment order in a separate lawsuit, but could only attack the order through a direct proceeding brought in the trial court that entered the judgment, pursuant to OCGA § 9-11-60 (b) and (d).).

14

3. Given our decisions in Divisions 1 and 2, supra, the appellants' remaining enumerated errors are moot.

*Judgment affirmed. Phipps, C. J., and Branch, J., concur.*